# ABRAMS AF FENSTERMAN

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP

Attorneys at Law
www.abramslaw.com

3 Dakota Drive - Suite 300
Lake Success, New York 11042
Phone: 516-328-2300
Fax: 516-328-6638
Fax Not For Legal Service

Matthew F. Didora, Esq.
*Partner*
mdidora@abramslaw.com

FIRM OFFICES

Brooklyn
New York
Rochester

September 29, 2017

By ECF

Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Capital 7 Funding v. Wingfield Capital Corp., et al.*
           Docket No. 17-2374-RRM-ST

Dear Judge Mauskopf:

    We represent defendants Burgis Sethna and Heath Wagenheim. Pursuant to Sections III.A.2. and A.3 of this Court's Individual Rules, we write to request a pre-motion conference in anticipation of defendants' proposed motion to dismiss the Second Amended Complaint dated August 31, 2017 (the "SAC") and to request an extension of defendants' time to answer until the motion is finally determined.

    By order dated August 1, 2017, this Court granted plaintiff permission to serve the SAC and extended defendants' time to move or answer with respect to the SAC until October 1, 2017. However, plaintiff's new pleading remains defective and subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(1) and 9(b).

    The defects in the SAC are simply stated. First, with respect to claims brought under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) and 1962(d), the SAC fails to adequately allege the existence of several required elements of a civil RICO claim, including the existence of a

"pattern" of racketeering activity. *See generally Bernstein v. Misk*, 948 F.Supp. 228 (E.D.N.Y. 1997) (discussing elements of civil RICO claim). The Second Circuit defines a "pattern of racketeering activity as "at least two predicate acts of racketeering activity committed in a ten-year period, which amount to or pose a threat of continued criminal activity." *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d Cir. 2004) (internal citations omitted). The SAC falls far short of this exacting standard, setting forth as it does facts which, at best, amount to a commercial dispute between plaintiff and its business partners. The SAC alleges that Sethna was the architect of a scheme to defraud plaintiff by inducing it to enter into a joint venture, 3 Leaf Capital, LLC, intended to provide short-term funding to businesses by purchasing future receivables at a discount. SAC ¶¶ 27-28. Instead of engaging in this business, however, the SAC claims that Sethna and the other defendants introduced "sham" customers to the joint venture and conspired with those customers to steal 3 Leaf's initial investment and also siphoned payments received from legitimate customers away from 3 Leaf. *Id.* ¶ 35. This activity, however, is alleged to have taken place over a period of less than twelve months, with no claim for continuing damages or threat of future wrongdoing. *Id.* ¶¶ 23, 58. As such, the SAC sets forth neither an open-ended nor a closed-ended pattern of RICO activity as those terms have been defined by this Court and the Second Circuit, and this defect is fatal.

Second, the SAC's claims for wire fraud (to the extent relied upon as predicate acts for the RICO claims) and common law fraud are not plead with the particularity required by F.R.C.P. 9(b). The Second Circuit has held that "RICO claims premised on mail or wire fraud must be particularly scrutinized because of the relative ease with which a Plaintiff may mold RICO pattern from allegations that, upon closer scrutiny do not support it." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 489 (2d Cir. 2014). The SAC cannot withstand such scrutiny, as it makes no effort to particularize why any supposedly false statement was false when made and relies upon boilerplate allegations of supposedly identical misrepresentations made in connection with dozens of separate transactions. In particular, in twenty-six separate instances, defendant Sethna is alleged to have made identical misrepresentations to plaintiff concerning the bona fides of the customer involved, the need for 3 Leaf to pay an ISO fee, and the willingness of Defendants to reimburse Plaintiff for funding provided to a particular customer. *See*

SAC ¶¶ 91, 106, 116, 127, 138, 152, 167, 178, 189, 201, 214, 228, 242, 256, 270, 283, 296, 309, 322, 335, 348, 361, 374, 386, 399, 412.

Finally, the SAC alleges no basis for federal question jurisdiction other than the defective RICO claims. *See* SAC ¶ 19. It also clear that there is no basis for subject matter jurisdiction based upon diversity jurisdiction. *See* SAC ¶¶ 10-17 (demonstrating lack of complete diversity between Plaintiff and several Defendants). Because plaintiff cannot state claims under RICO for the reasons set forth above, this Court should decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims and proceed to dismiss them for lack of subject-matter jurisdiction.

Defendants respectfully reserve the right to raise arguments other than those set forth above in favor of dismissal of the SAC should this Court permit them to file their motion to dismiss.

Respectfully submitted,

MATTHEW F. DIDORA
For the Firm

cc: Nicholas Bowers, Esq. (by ECF)
Richard Marc Langweber, Esq. (by ECF)