# GRECO ♦ NEYLAND, PC
## ATTORNEYS AT LAW

October 1, 2017

Honorable Roslynn R. Mauskopf
United States District Judge, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

      **RE:**    Capital 7 Funding v. Rabito et. al., 17-CV-2374; Motion for Pre-Motion to Dismiss Conference

Your Honor:

    My name is Richard Langweber, and I am "of Counsel" to Greco Neyland. We represent individual defendants JOSEPH RABITO and DAMIAN LALJIE, as well as corporate defendants PRESTIGE INVESTMENT ASSOCIATES, INC., and FIRST CHOICE PAYMENT SYSTEMS (collectively, "defendants"). I am writing pursuant to Your Honor's Individual Rule III(A)(2) to request a Pre-Motion to Dismiss Conference, and to request an extension of time to file a motion to dismiss. The Plaintiff's Complaint-which alleges a variety of causes of action but is, at its core, a fraud complaint-should be dismissed because it is conclusory and insufficiently particular with respect to these defendants under Fed. R. Civ. Pro. 9(b).

I. Factual Background

    Plaintiff Capital 7 Funding alleges that they formed a Limited Liability Company called 3 Leaf Capital, LLC ("3 Leaf"), with the Defendants in this action. The alleged purpose of 3 Leaf was to provide short-term loans to companies against their accounts receivable. Compl., ¶ 3.[1] Plaintiff alleges both: (1) that Defendants created fictitious borrowers, and simply pocketed any money Plaintiff paid into 3 Leaf to fund the loans, id. at ¶ 4; and, (2) where the borrower was legitimate, Defendants simply pocketed any funds paid into 3 Leaf to repay the loans, id. at ¶ 5. As a result, Plaintiff alleges causes of action for substantive RICO violations and RICO conspiracy, common law fraud, aiding and abetting common law fraud, conversion, unjust enrichment, and breach of contract. Compl., ¶¶425-75. These claims should be dismissed because the allegations are conclusory and insufficiently particular.

---

[1] Unless otherwise specified, all citations to "Compl." refer to the Plaintiff's Second Amended Complaint in Capital 7 Funding v. Wingfield, et. al., EDNY Docket No. 17-CV-2374, Aug. 31, 2017.

## II. The Causes of Action for Common Law Fraud, Aiding and Abetting Fraud, Substantive RICO Violations, and RICO Conspiracy Should All Be Dismissed Because The Allegations are Conclusory and Insufficiently Particular

The elements of common-law fraud in New York are: "(1) a material misrepresentation of a fact, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff and (5) damages." E.g., Eurycleia Partners, LP v. Seward and Kissel LLP, 12 N.Y.3d 553, 559 (2009) (internal citations omitted). Moreover, a Plaintiff pleading fraud must comply with Fed R. Civ. Pro. 9(b), which requires that a fraud complaint identify "1) precisely what statements were made, and 2) the time and place of each statement, and the person responsible for making [or], (in the case of omissions, not making), the same, 3) the content of such statements and the manner in which they misled the plaintiff, and 4) what the defendants obtained as a consequence of the fraud." E.g., Moll v. US Life Title Ins. Co. of New York, 654 F. Supp. 1012, 1034–35 (S.D.N.Y. 1987). Rule 9(b) pleadings cannot be based upon information and belief, except with respect to facts peculiarly within the defendant's knowledge. Id.

Plaintiff alleges twenty-six fraudulent "deals" in its Complaint that are the basis of its fraud and RICO causes of action. See Compl., ¶¶ 87-424.[2] The factual allegations are nearly identical, and thus one is analyzed here as an example. Plaintiff alleges that 3 Leaf agreed to purchase $85,200.00 worth of receivables from Quality Products, USA, in exchange for an immediate cash payment of $60,000.00. Id. at ¶ 115. According to the Complaint, *Defendant Sethna* made the following alleged misrepresentations to Plaintiff: (a) Quality Products was a bona fide customer of 3 Leaf and not a sham customer; (b) That 3 Leaf would pay a $6,000.00 fee to a third party when "in reality, Defendants intended to pocket the payment"; and, (c) Defendants would reimburse Plaintiff for the $60,000.00 it paid into 3 Leaf's account for the purchase of Quality Product's receivables. Id. at ¶ 116.

Based upon these alleged misrepresentations, Plaintiff claims it transferred the $60,000.00 for the loan into 3 Leaf's account. Compl. at ¶ 117. The Complaint continues to state that "Defendant Sethna and the other…Defendants brokered the deal. In December, 2015, Sethna wrote a check out of 3 Leaf's account for $6,000.00 payable to…Wingfield." Id. at ¶ 119. The Complaint additionally alleges that *Sethna* claimed to Plaintiff's representatives that the check was meant to reimburse a third-party broker for an ISO fee, but that *Sethna* refused to disclose the identity of the broker or provide proof that the third-party was actually paid. Id. at ¶ 120. The

---

[2] An element of the RICO claims that the Plaintiff must plead is that the defendants injured them through "a pattern of racketeering activity." E.g., Azrielli v. Cohen Law Offices, 21 F.3d 512. 520 (2d Cir. 1994); 18 U.S.C. § 1962(a). "Racketeering Activity," meanwhile, is defined as any number of specified state and federal crimes, 18 U.S.C. § 1961(1), and a "Pattern" requires at least two instances of "racketeering activity" within a consecutive ten (10) year period. 18 U.S.C. § 1961(5). Since it appears that Plaintiff is relying upon these twenty-six (26) alleged instances of common-law fraud as the predicate "racketeering activity" for its RICO claims, the fraud and RICO causes of action are analyzed together. Mere common law fraud, however, "does not constitute racketeering activity for RICO purposes." Azrielli, 21 F.3d at 520. Assuming, *arguendo,* that these allegations of common-law fraud would, if true, rise to the level of mail fraud, they are subject to the same requirements of pleading particularity under Fed. R. Civ. Pro. 9(b) when used as RICO predicates as when they are stand-alone claims. See, e.g., McLaughlin v. Anderson, 962 F.2d 187 (2d Cir. 1992) (internal citations omitted).

Complaint further alleges that "*Defendant Sethna* fabricated the third-party broker and directed the $6,000.00 to Defendants." Id. at ¶ 121. Plaintiff goes on to allege that Plaintiff has attempted to contact Quality Products without any response, that the owner of Quality Products is a personal friend of *Defendant Sethna*, that "Defendants ceased transferring any additonal proceeds to 3 Leaf," and that "[o]f the $85,200.00 owed to 3 Leaf, 3 Leaf only collected $49,729.00. Defendants stole the remaining $35,471.00." Id. at ¶¶ 122-125.

With respect to all defendants, these allegations utterly fail the particularity requirements of Fed. R. Civ. Pro.9(b). More specifically, again with respect to all Defendants, these allegations do not state with particularity the time and place of the allegedly misleading statements, or the basis for believing them to be false. With respect to individual defendants Rabito and Laljie, as well as corporate defendants First Choice and Prestige, the Complaint alleges that *Defendant Sethna* made the allegedly fraudulent statements, not Laljie, Rabito, or anyone associated with Prestige or First Choice. In fact, the Complaint is completely bereft of any allegations from which one could infer that Laljie, Rabito, First Choice, or Prestige were ever even aware that such statements were made, let alone that such statements were false. Simply put, there is nothing in the Complaint-other than conclusory allegations such as "Defendants brokered the deal"-that would allow one to infer that Rabito, Laljie, First Choice or Prestige participated in, profited from, or even were aware of the alleged fraud. As such, the fraud and RICO claims should be dismissed against defendants Rabito, Lalji, First Choice, and Prestige because the Complaint utterly fails to go beyond mere conclusory allegations, let alone meeting the heightened pleading requirements of Fed. R. Civ. Pro. 9(b).

### III. Plaintiff's Remaining Claims of Converstion, Unjust Enrichment, and Breach of Contract Should All be Dismissed Because the Complaint Fails to State a Claim Against Defendants Rabito, Laljie, Prestige, and First Choice

Plaintiff's additional causes of action for breach-of-contract, unjust enrichment, and conversion should all be dismissed because, as discussed in § II, *supra*, the Complaint fails to allege facts that, if believed, would demonstrate that Rabito, Lalji, First Choice, and Prestige participated in, or were even aware, of the alleged wrongdoing in this case. Similarly, the Complaint fails to show that or how Rabito, Laljie, First Choice, and Prestige gained any pecuniary benefit from the alleged scheme.[3]

Plaintiff also alleges a breach-of-contract action against Laljie, Rabito, First Choice, and Prestige. The only contract that the Complaint mentions is the LLC Agreement between Plaintiff and Defendant Wingfield, incorporated by reference into the Complaint as an exhibit. The only Defendant that is a signatory to that contract, however, is Wingfield. See Exh. A to Compl., LLC Agreement of Three Leaf Capital, Nov. 25, 2016, 1, 15. Defendant Laljie did sign the contract, but he did so on behalf of the Wingfield Corp., see, id. at 15, and the Plaintiff has not even bothered to

---

[3] For example, the Complaint alleges that Defendant Wingfield received, in one transaction, ill-gotten gains of $6,000.00, see Complaint, ¶ 119, but never alleges when, how, or how much Rabito, Laljie, Prestige, or First Choice received unlawful pecuniary benefits from the scheme.

plead conclusory, let alone factual allegations, that would demonstrate that Laljie had an ownership interest in Wingfield that would entitle Plaintiff to pierce the corporate veil.[4]

IV. Conclusion

  For the foregoing reasons, the Court should dismiss all of the Plaintiff's causes of acttion against defendants Rabito, Laljie, First Choice, and Prestige, or, alternatively, set a schedule so that the parties might fully brief these issues for the Court.

Respectfully,

/s/ Richard Langweber
Richard M. Langweber, Esq.
William E. Gens Law Offices
535 Fifth Ave., 25th Floor
New York, NY 10017
P: (917) 965-2105
F: (917) 720-9030
C: (508) 245-9566
rlangweber@genslawoffices.com

CC: Nicholas Bowers, Esq.
   Matthew Didora, Esq.

---

[4] In addition, if the Court dismisses the federal RICO claims, the only claims that will remain are state law claims, over which the Court should decline to exercise its supplemental jurisdiction. See, e.g., 28 U.S.C. § 1367(c)(3); Valencia ex. rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003); see also, Lerner v. Fleet Bank, N.A., 318 F.3d 113, 130 (2d Cir. 2003) ("In most circumstances, a district court should decline supplemental jurisdiction if all federal claims have been dismissed at the pleading stage.").