**GTPC** | **GARY TSIRELMAN P.C.**
ATTORNEYS & COUNSELORS AT LAW

129 LIVINGSTON STREET
SECOND & THIRD FLOORS
BROOKLYN, NY 11201
T: (718) 438-1200 • F: (718) 438-8883
nbowers@gtmdjd.com

| Gary TSIRELMAN M.D. | Stefan BELINFANTI | Joseph PADRUCCO |
| Darya KLEIN | Ilya MURAFA | Douglas MACE |
| Selina CHIN | Nicholas BOWERS | Jennifer RAHEB |
| David GOTTLIEB | Sebastian MELO | Evan POLANSKY |

October 4, 2017

The Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Capital 7 Funding v. Wingfield Capital Corp., et al., Case # 1:17-cv-2374-RRM-ST; Letter in Opposition to Defendants' Motion for a Pre-Motion Conference**

Dear Judge Mauskopf:

We write on behalf of Plaintiff to oppose the letter request submitted by Defendants Burgis Sethna and Heath Wagenheim seeking a pre-motion conference regarding same Defendants' anticipated motion to dismiss the Second Amended Complaint at Docket No. 27. Defendants' claim that the Second Amended Complaint is subject to dismissal under Federal Rules of Civil Procedure 12(b)(6) and 9(b) is meritless for the reasons set forth below.

Defendants first assert that the Second Amended Complaint ("SAC") fails to allege facts sufficient to establish a pattern of racketeering activity. Docket No. 27 at 2. This is simply untrue. It is well-established law that pleading "at least two acts of racketeering activity, . . . the last of which occurred within ten years . . . after the prior act of racketeering activity" meets the requirement of the RICO statute. 18 U.S.C. § 1961(5). No statute or precedent requires that the racketeering activity occur over at least ten years, as Defendants suggest. Furthermore, the Capital 7 adequately pleads that the Defendants' RICO enterprise poses a continuing threat of future wrongdoing, and therefore satisfies the pattern requirement of pleading RICO causes of action, because it repeatedly describes how Defendants' scheme was "part of [Defendants'] regular way of doing business." *H. J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242 (1989). Courts in the Second Circuit have held that plaintiffs may sufficiently plead open-ended continuity when the predicate acts of mail fraud only extended over six months and the business relationship between the plaintiff and defendants lasted less than two years. *See SKS Constructors, Inc. v. Drinkwine*, 458 F. Supp. 2d 68 (E.D.N.Y. 2006). Indeed, "it is sufficient that a threat of continuity inhered in the alleged racketeering activity, even if that activity lasted only a brief

time and is indisputably over." *Allstate Ins. Co. v. Lyons*, 843 F. Supp. 2d 358, 370 (E.D.N.Y. 2012) (citing *H.J.*, 492 U.S. at 241). Here, the Complaint sets forth Defendant Sethna's repeated lies to Capital 7's owners and representatives by manufacturing sham customers and claiming sham fees on behalf of non-existent third-party independent sales organizations ("ISOs"), which Defendants directed to themselves. *See, e.g.,* Compl. ¶¶ 6, 94, 106, 120-123, 131-34, 157-60, 171-73, and 363-70. The Complaint is clear that the very reason for the enterprise's being was to facilitate Defendants' racketeering activity, which is sufficient to plead a threat of continuity. *See Lyons*, 843 F. Supp. 2d at 370.

Defendants' claim that Plaintiff's Complaint lacks particularity pursuant to Federal Rule of Civil Procedure 9(b) as to Defendants' false statements merely because they repeated them again and again is not credible. Defendants' repeated fraudulent representations were of course repetitive; as a result, the Complaint reflects Defendants' repetition. Defendants made repeated identical misrepresentations by virtue of bringing more and more sham customers to Capital 7's representatives and presenting them as legitimate, and by Defendants' repeated claims that ISO fees were required when, in reality, Defendants pocketed all such fees. Plaintiff's repetition of Defendants' fraudulent misrepresentations is required by Federal Rule 9(b). "In the RICO context, Rule 9(b) calls for the complaint to 'specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements.'" *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 173 (2d Cir. 1999)(quoting *McLaughlin v. Anderson*, 962 F.2d 187, 191 (2d Cir. 1992)). Courts in the Second Circuit have applied the 9(b) standard differently in cases where, as here, a "plaintiff claims that . . . wires were simply used in furtherance of a master plan to defraud, but does not allege that the wires were used to transmit misrepresentations." *In re Sumitomo Copper Litig.*, 995 F. Supp. 451, 456 (S.D.N.Y. 1998). In cases such as this, Rule 9(b) requires plaintiffs to plead the "circumstances of the overall scheme" sufficient "to give notice to the defendants." *Evercrete Corp. v. H-Cap Ltd.*, 429 F. Supp. 2d 612, 624 (S.D.N.Y. 2006). Capital 7's Complaint repeats Defendant Sethna's repeated fraudulent misrepresentations to establish their role in Defendant's fraudulent scheme. With each new sham customer, Defendant Sethna repeated the same lies so that Capital 7 would again make payments to the sham customer for Defendants to siphon and to manufacture the need for bogus ISO fees. Capital 7 has therefore met the requirements of Federal Rule 9(b).

Defendants' reliance *Crawford* in support of its Rule 9(b) argument is misplaced because the *Crawford* plaintiff was only able to allege a single fraud. *Crawford v. Franklin Credit Mgmt.*, 758 F.3d 473, 489 (2d Cir. 2014)(holding that defendant's attempt to induce plaintiff to sign a single mortgage contract constitutes a single fraud insufficient to support a RICO claim despite numerous misrepresentations mailed or wired by defendant). Here, Capital 7 has alleged a separate fraud for each sham customer brought to it by Defendants, along with separate instances of wire fraud for each automatic payment diverted to Defendants and split with the sham customers. *See, e.g.,* Compl. ¶¶ 174, 185, 198, and 211.

For the reasons set forth above, Defendants' proposed motion to dismiss is meritless and their request for a pre-motion conference should be denied.

Thank you for your consideration of this letter.

        Respectfully,

        __/s/_____
        Nicholas Bowers, Esq.
        *Counsel for Plaintiff*
        Gary Tsirelman P.C.
        129 Livingston, 2nd Floor
        Brooklyn NY 11201

cc: All counsel via ECF