

129 LIVINGSTON STREET
SECOND & THIRD FLOORS
BROOKLYN, NY 11201
T: (718) 438-1200 • F: (718) 438-8883
nbowers@gtmdjd.com

| Gary TSIRELMAN M.D. | Stefan BELINFANTI | Joseph PADRUCCO |
| Darya KLEIN | Ilya MURAFA | Douglas MACE |
| Selina CHIN | Nicholas BOWERS | Jennifer RAHEB |
| David GOTTLIEB | Sebastian MELO | Evan POLANSKY |

October 6, 2017

The Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

**Re:  Capital 7 Funding v. Wingfield Capital Corp., et al., Case # 1:17-cv-2374-RRM-ST; Letter in Opposition to Defendants' Motion for a Pre-Motion Conference**

Dear Judge Mauskopf:

We write on behalf of Plaintiff Capital 7 Funding ("Capital 7") to oppose the letter request submitted by Defendants Joseph Rabito, Damian Laljie, Prestige Investment Associates, Inc., and First Choice Payment Systems ("Defendants"), seeking a pre-motion conference regarding same Defendants' anticipated motion to dismiss the Second Amended Complaint at Docket No. 29. Defendants' claim that the Second Amended Complaint is subject to dismissal under Federal Rules of Civil Procedure 9(b) is meritless for the reasons set forth below.

A. <u>Defendants' Scheme</u>

As more fully laid out in the Second Amended Complaint ("SAC"), Defendants took part in an organized scheme to defraud Plaintiff. In particular, Defendants operated a joint venture between Plaintiff and Defendant Wingfield Capital Corporation ("Wingfield") organized as 3 Leaf Capital, LLC ("3 Leaf"), which Defendants induced Plaintiff to join in the first place. 3 Leaf purportedly operated as a purchaser of future receivables; 3 Leaf would provide its customer businesses with immediate payments of capital in exchange for a part of the customers' future receivables. In most cases, the customers would purportedly enter into an arrangement with 3 Leaf pursuant to which a portion of their daily credit or debit card receipts would automatically be electronically transferred into 3 Leaf's account, over which Defendants had control. In some cases, the amounts were automatically deposited into Wingfield's account or a purported lockbox account over which Defendants had control.  Defendants Rabito, Wagenheim, and Laljie were all responsible for the day-to-day management of 3 Leaf, its staff, and its

operations. Although Defendants agreed to provide half of the start-up capital for 3 Leaf, Defendants never did so and relied entirely on Capital 7 to provide funds for each and every purported receivables purchase. In all cases, Defendants asked Capital 7 to provide all necessary funds to purchase the receivables. Many of the customers either did not exist or were paid kickbacks by Defendants to pose as legitimate customers.

Defendants concealed their fraud by allowing a portion of many customers' payments to be made into 3 Leaf's account, or by redirecting payments into accounts under Defendants' control without informing Capital 7. Defendants also induced Plaintiff to make payments to Defendants for phony business costs and fees, particularly for independent sales organization ("ISO") fees supposedly payable to an outside broker for each and every transaction with a customer. Defendants at all times knew that 3 Leaf's actual purpose was to be a vehicle for their scheme to defraud Plaintiff.

B. Capital 7 Has Pleaded Causes of Action for Fraud, Wire Fraud, Aiding and Abetting, RICO Violations, and RICO Conspiracy

Plaintiff has adequately pleaded fraud against Defendants under Federal Rule of Civil Procedure 9(b). As an initial matter, Defendants' letter misstates Plaintiff's allegations as to wire fraud. Although the SAC sets forth facts that Defendants used the wires to make misrepresentations to Capital 7, the vast majority of the wire fraud predicate acts consisted of the electronic bank transfers Defendants diverted to themselves. To plead wire fraud as a RICO predicate act, a plaintiff need not plead that the wires were used to transmit misrepresentations, but rather must set forth "(1) a scheme to defraud, (2) money or property as the object of the scheme, and (3) use of the mails or wires to further the scheme." *United States v. Shellef*, 507 F.3d 82, 107 (2d Cir. 2007). That is, a transmission that is merely incidental to an essential part of the scheme, satisfies the wire element of the wire fraud violation. *See Schmuck v. United States*, 489 U.S. 705, 712-15 (1989) (holding that mailing incident to an essential part of the overall fraudulent scheme satisfies the mailing element of a mail fraud offense). Here, Plaintiff has alleged that Defendants used electronic bank transfers to siphon money from 3 Leaf in furtherance of their scheme to defraud Capital 7. *See, e.g.,* Compl. ¶¶69, 99, 113, 163, 174-75, 185-86, 198, 211, 306, and 409.

In the RICO context, Rule 9(b) requires that the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006)(quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)). Additionally, "when plaintiff claims that . . . wires were simply used in furtherance of a master plan to defraud, but does not allege that the wires were used to transmit misrepresentations" courts in the Second Circuit apply the Rule 9(b) standard differently. *In re Sumitomo Copper Litig.*, 995 F. Supp. 451, 456 (S.D.N.Y. 1998). In such cases, Rule 9(b) requires plaintiffs to plead the "circumstances of the overall scheme" sufficient "to give notice to the defendants;" it "need not be specific as to each allegation of mail or wire fraud." *Evercrete Corp. v. H-Cap Ltd.*, 429 F. Supp.

2d 612, 624 (S.D.N.Y. 2006). In any event, "the particularity requirement [imposed by Federal Rule 9(b)] is not a mechanical formula demanding exacting precision but must instead be applied in view of its express purposes and the facts of each case." *4 K & D Corp. v. Concierge Auctions, LLC*, 2 F. Supp. 3d 525, 538 (S.D.N.Y. 2014). Thus, fraud as part and parcel of RICO violations is well-pleaded when it gives defendants adequate notice of the scheme and their alleged role in such scheme.

Additionally, liability for involvement in a RICO scheme regardless of predicate acts is based upon the defendants' "operation or management of the enterprise itself." *Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993). Here, the SAC repeatedly outlines the roles of Defendants Rabito and Laljie in the scheme to defraud Plaintiff as day-to-day managers and operators of the 3 Leaf enterprise who concealed the fraudulent nature of the scheme from Capital 7 by diverting money from 3 Leaf's account into other accounts held by Defendants, by serving as figureheads for the corporate Defendants, and by falsifying numerous business records including expense reports. *See* Compl. ¶¶37, 40, and 64. Defendants participated in the scheme by knowingly operating 3 Leaf as an enterprise designed to siphon money from Capital 7 including by serving as the cutouts to whom 3 Leaf paid rent. *Id.* ¶¶64 and 65. The SAC repeatedly sets forth the fraudulent statements made by Defendants. *See* Compl. ¶73. The SAC thus adequately gives Defendants notice of their roles in the fraudulent scheme and any motion to dismiss based upon Rule 9(b) would be meritless.

For the reasons set forth above, Defendants' proposed motion to dismiss is meritless and their request for a pre-motion conference should be denied.

Thank you for your consideration of this letter.

                                                                                                                  Respectfully,

                                                                                                                  __/s/_____
                                                                                                                  Nicholas Bowers, Esq.
                                                                                                                  *Counsel for Plaintiff*
                                                                                                                  Gary Tsirelman P.C.
                                                                                                                  129 Livingston, 2nd Floor
                                                                                                                  Brooklyn NY 11201

cc: All counsel via ECF