UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Capital 7 Funding                                    Case No. 17-CV-04275
          *Plaintiffs*

  - against –

Wingfield Capital Corp., et al.,

                        *Defendants*
-------------------------------------------------------------X

## <u>First Document Production Requests From Plaintiff to Burgis Sentha</u>

First Request for Documents from Plaintiff to Defendant Burgis Sentha:

## I.    <u>INTRODUCTION</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure Plaintiff requests that Defendant Burgis Sentha produce the following documents for inspection and copying at the offices of counsel for Defendants, Gary Tsirelman, P.C., 129 Livingston Street, Second Floor, Brooklyn, NY, 11201, within thirty (30) days of the receipt of this document.

## II.    <u>DEFINITIONS</u>

[Terms]

    A.    The words **"and"** and **"or"** shall be deemed to mean **"and/or"** and the plural shall include the singular and vice versa.

    B.    The term **"communication"** means any act or instance of transferring, transmitting, passing, delivering, or giving information, by oral, written or electronic means, including, but

not   limited   to,   notes,   letter,   telegram, facsimile, tape, electronic mail, voice mail, or otherwise.

C.   **"Create," "created," or "creating." "Create," "created,"** or **"creating"** means to cause to exist, originate, produce or cause the creation of.

D.   The term **"document"** is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

E.   As used herein, the term "**evidence**" refers to any thing that furnishes proof of any fact that could reasonably be of consequence to the determination of the action or any motion or other proceeding therein, or has the tendency to make the existence of any such fact more or less probable than it would be without that thing. **Evidence as used herein includes but is not limited to** any "document"; spoken words in any form including any type of testimony or deposition--whether or not transcribed, recorded, or memorialized in another format; any memorialization of spoken words in any format--including notes taken by any person in response to any person speaking; physical objects; investigations and information derived therefrom and records produced therein; and any other available facts or information, as well as legal theories and legal conclusions.

F.   **"Identify," with respect to circumstances, events, facts, or situations:** When referring to a fact, situation, event or circumstance, **"identify"** means to set forth the time, place, and description thereof; the names of the participants therein; and to

enumerate all documents which refer to or reflect such occurrence.

G.    **"Identify," with respect to documents:** When referring to documents, **"identify"** means to give, to the extent known:

    (1)    the type of document (i.e., whether it is a letter, memorandum, minutes of meeting, etc.), including the title, heading or caption of such document, if any--as well as the significance or meaning of any combination of numbers and/or letters if such is utilized to denote the type of the document, or to title it; and the number of pages of which it consists;

    (2)    the general subject matter of the document (i.e., a description summarizing its contents)

    (3)    the date or dates of the document; and

    (4)    the identification of each author, addressee, recipient, and custodian of such document.

H.    **"Identify," with respect to persons:** When referring to a person, **"identify"** means to give, to the extent known, wherever applicable, the person's full name, present or last known physical address, e-mail address and telephone number, current job title, and the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

I.    The term **"person"** means, in the plural, as well as in the singular, any natural person, firm, association, partnership, corporation, or other entity. All references herein to any person shall include the employees, agents or representatives of such person or entity.

J.   The term **"relating to"** means referring to, describing, concerning, evidencing, or constituting.

K.   The term **"third party"** means any person or entity other than the parties to the current suit.

L.   The term "**correspondence**" includes all communications including text messages, electronic mail, physical letters, or messages sent via social media or third-party text messaging application or service, including, but not limited to, Signal, Facebook Messenger, and Twitter.

M.   A "**customer**" or "**client**" of 3 Leaf Capital, LLC, includes any person or entity who received any money from any person or entity in exchange for a promise to transfer a portion of its future receivables to 3 Leaf, Plaintiff, or any Defendant as well as any person or entity who contacted any Defendant or 3 Leaf in an attempt to negotiate such an agreement.

[Parties]

N.   **"Defendant"** refers to any of the Defendants named in this suit, unless otherwise specified.

O.   **"Laljie"** refers to named Defendant Damian Laljie as well as anyone allegedly or purportedly acting on the behalf or at the behest of Laljie.

P.   **"Burgis" and "Sentha"** refers to named Defendant Sentha Burgis as well as anyone allegedly or purportedly acting on the behalf or at the behest of Burgis.

Q.   **"Wagenheim"** refers to named Defendant Heath Wagenheim as well as anyone allegedly or purportedly acting on the behalf or at the behest of Wagenheim.

R.     **"Rabito"** refers to named Defendant Joseph Rabito as well as anyone allegedly or purportedly acting on the behalf or at the behest of Rabito.

S.     **"Wingfield"** refers to Named Defendant Wingfield Capital Corporation, as well as any of Wingfield's owners, officers, directors, employees, agents, or independent contractors, as well as anyone purportedly acting on behalf of Wingfield.

T.     **"Prestige"** refers to Named Defendant Prestige Investment Associates, as well as any of Prestige's owners, officers, directors, employees, agents, or independent contractors, as well as anyone purportedly acting on behalf of Prestige.

U.     **"First Choice"** refers to Named Defendant First Choice Payment Systems, Inc., as well as any of First Choice's owners, officers, directors, employees, agents, or independent contractors, as well as anyone purportedly acting on behalf of First Choice.

V.     **"Plaintiff"** (also **"Capital 7"**) refers to the Plaintiff in this suit, Capital 7 Cash Funding, LLC; including any Plaintiff's owners, officers, directors, employees, agents, or independent contractors, as well as anyone purportedly acting on behalf of Capital 7.

W.     **"3 Leaf"** refers to the joint venture 3 Leaf Capital, LLC, formed as a joint venture between Plaintiff and Defendant Wingfield as well as any of 3 Leaf's owners, officers, directors, employees, agents, or independent contractors, as well as anyone purportedly acting on behalf of 3 Leaf.

## III.   <u>INSTRUCTIONS</u>

A.     Unless otherwise specified, the time period applicable to the requests herein is January 1, 2015, to the present.

B.    Please identify each person who assisted or participated in preparing or supplying any of the information given in answer to these Production of Documents requests.  Please also state whether this person is authorized to answer on Plaintiffs' behalf pursuant to the laws of agency, the New York Civil Practice Law and Rules or the Federal Rules of Civil Procedure.

  (1) **Please refer to the definition of "identify" with respect to persons, in the Definitions section.**

C.    In answering each request, each Plaintiff is requested to identify and produce all documents in its possession or control, or in the possession or control of its employees or agents and other persons purporting to act on its behalf, which contain information requested.   This includes any and all documents to which each Plaintiff has access, maintains or archives, or has been produced by or for Plaintiff, Plaintiff's employees, agents, affiliates, or any other third party acting on Plaintiff's behalf or at Plaintiff's direction (including internal documents, memoranda, e-mails, and other correspondences or notes) that constitute or reference directly or indirectly any or all of the information requested in the interrogatory.   This also includes documents received from or otherwise exchanged with any other individual or entity.

  (1) **Please refer to the definition of "identify" with respect to documents, in the Definitions section.**

  (2) As per that definition, each Plaintiff shall produce any non-identical copies of any documents or materials responsive to any of these requests, or any subsequent requests.

  (3) If documents exist and are not produced, the substance of such documents should be set forth and an explanation given as to why the document or documents are not being produced.

D.      If any of these requests cannot be complied with in full, comply to the extent possible, specifying each reason for the inability to produce the remainder of the documents; and stating whatever information or knowledge is had concerning the portion of the request not complied with.

E.      In the event that Plaintiff withholds from production of any information or document on the grounds of privilege, Plaintiff shall identify the document or information withheld, identify the present custodian of the document of information, and shall include an identification and description of the nature of the privilege claimed, and the subject matter of the withheld information or document.

F.      If a Plaintiff maintains that any document or record that refers to or relates to any matter about which these requests ask has been destroyed, identify each such document by date, author(s), recipient(s), subject matter, former location, and former custodian, and set forth the content of the document, the location of any copies of the document, the date of destruction. **Please refer to the Definition of "identify," with respect to documents.** Further, identify the person(s) who ordered or authorized such destruction, as well as the person(s) who performed the document destruction. **Please refer to the Definition of "identify," with respect to persons.**

G.      In answering these requests, each Plaintiff is charged with the understanding that reference to any individual shall be considered inclusive of any representative of that person and any entity (legal, business or otherwise) with which the referenced person has an interest. For example, an interrogatory which asks whether any money has been paid to "Mr. X" would require an answer in the affirmative if any money has been paid to (1) Mr. X, (2) any representative or agent of Mr. X, and (3) any entity in which Mr. X held a legal or equitable interest.

H.    No statement, representation, question, implication or reference in this document constitutes an admission of fact or law by any Defendant or its Attorneys.

I.    **These requests are continuing in nature and require automatic supplemental or corrected responses to the extent specified in Federal Rule of Civil Procedure 26, should any Plaintiff, or his counsel, obtain further information**.

J.    Pursuant to Federal Rule of Civil Procedure 37(a)(4), an evasive or incomplete disclosure, answer, or response **must** be treated as a failure to comply.   Payment of expenses incurred to remedy such a violation apply, pursuant to Rule 37(a)(5).

K.    When a request includes a list of paragraph numbers, such list is provided by way of example and not limitation. Defendants request any and all documents relating to the subject matter of each Document Production Request whether the paragraph number is listed in the request or not.

L.    Defendants reserve to right to issue further document production requests.


III.   **DOCUMENT REQUESTS**

1. Any and all documents identified in Defendants' Rule 26 Disclosures.

2. Any all documents relating to any communication between or among the Defendants, 3 Leaf, or any customer or client of 3 Leaf including, but not limited to, text messages, email messages, letters, invoices, or bills.

3. Any and all documents relating to any communication regarding 3 Leaf, its customers, employees, contractors, business operations, or financial condition.

4. All documents relating to any payment, benefit, or item of value provided by any Defendant to Plaintiff or 3 Leaf, including any cancelled checks, account statements, ledgers, financial statements, Form W-2 or 1099s, receipts, invoices, or correspondence..

5. Any and all documents identified in response to Plaintiff's Interrogatories.

6. Any and all documents related to any agreement between any Defendant, including any employee, agent, representative, or associate of any Defendant, and any other person or entity relating to 3 Leaf.

7. Any and all banking records, including account statements, cancelled checks, deposit slips, withdrawal slips, records of wire transfers, loans and/or loan applications, and/or documents related to the opening and closing of any account for accounts into which funds related to 3 Leaf were deposited or from which any funds relating to 3 Leaf were withdrawn or transferred.

8. All documents reflecting any contractual relationship, financial arrangement, or other business relationship between or among the Defendants.

9. All documents reflecting any contractual relationship, exchange of money, financial arrangement, or other business relationship between or among any Defendant, 3 Leaf, or client or customer of 3 Leaf.

10. Documents sufficient to identify contractors and employees of Wingfield and their roles at Wingfield.

11. All employment records for any employee, independent contractor, or anyone working for Wingfield, including, but not limited to, resumes, curricula vitae, personnel files, W-2s, Form 1099s, payroll records, organizational charts, employment agreements or contracts, or correspondence.

12. Documents sufficient to identify contractors and employees of 3 Leaf and their roles at 3 Leaf.

13. All employment records for any employee, independent contractor, or anyone working for 3 Leaf, including, but not limited to, resumes, curricula vitae, personnel files, W-2s, Form 1099s, payroll records, organizational charts, employment agreements or contracts, or correspondence.

14. Documents sufficient to identify contractors and employees of Prestige and their roles at Prestige.

15. All employment records for any employee, independent contractor, or anyone working for Prestige, including, but not limited to, resumes, curricula vitae, personnel files, W-2s, Form 1099s, payroll records, organizational charts, employment agreements or contracts, or correspondence.

16. Documents sufficient to identify contractors and employees of First Choice and their roles at First Choice.

17. All employment records for any employee, independent contractor, or anyone working for First Choice, including, but not limited to, resumes, curricula vitae, personnel files, W-2s, Form 1099s, payroll records, organizational charts, employment agreements or contracts, or correspondence

18. Any documents relating to any investigation, lawsuit, arbitration, or other proceeding in which any Defendant was accused or alleged to have breached a contract or engaged in fraud, including conspiracy to commit fraud, since January 1, 1997.

19. Documents sufficient to identify any customer or client of 3 Leaf.

20. Documents sufficient to identify any agreement between any person or entity and 3 Leaf.

21. Documents sufficient to identify contractors and employees of 3 Leaf and their roles at 3 Leaf, including, but not limited to, resumes, curricula vitae, personnel files, employment agreements or contracts, or correspondence.

22. Any lease agreements between and among any Defendants, Plaintiff, and 3 Leaf.

23. Any and all documents relating to or constituting any communication between or among any Defendant regarding any customer or client of 3 Leaf.

24. Any and all documents constituting or relating to any lists of prospective clients or customers for 3 Leaf, including any documents sufficient to identify any such prospective customers or clients.

25. Any and all documents constituting or relating to any independent sale organizations ("ISOs") to which any Defendant, Plaintiff, or 3 Leaf paid anything, including documents sufficient to identify any such ISOs.

26. Any and all documents relating to any agreements which require any Defendant, Plaintiff, 3 Leaf, or customer of 3 Leaf to pay any ISO fee.

27. Documents sufficient to identify any person to whom any Defendant, Plaintiff, or 3 Leaf has paid an ISO fee.

28. Documents sufficient to identify any person or entity that has worked as an accountant or bookkeeper for any Defendant.

29. All documents reflecting or relating to Wingfield's financial condition, including but not limited to any general ledger, balance sheet, or profit and loss statement.

30. All documents reflecting or relating to 3 Leaf's financial condition, including but not limited to any general ledger, balance sheet, or profit and loss statement.

31. All documents reflecting or relating to First Choice's financial condition, including but not limited to any general ledger, balance sheet, or profit and loss statement.

32. All documents reflecting or relating to Prestige's financial condition, including but not limited to any general ledger, balance sheet, or profit and loss statement.

33. All documents reflecting or relating to the financial condition of any business in which any Defendant or any principal of any Defendant has an ownership interest, including but not limited to any general ledger, balance sheet, or profit and loss statement.

34. All of Defendants' federal and state tax returns, including but not limited to W-2s, Form 1099s, and K-1, for tax years 2014 through the present.

35. Documents sufficient to identify any credit cards or lines of credit used in the business of Wingfield.

36. Documents sufficient to identify any credit cards or lines of credit used in the business of Prestige.

37. Documents sufficient to identify any credit cards or lines of credit used in the business of First Choice.

38. Documents sufficient to identify any credit cards or lines of credit used in the business of 3 Leaf.

39. Any documents related to any due diligence performed by any person or entity regarding any client or customer of 3 Leaf.

40. Any and all documents reflecting any loan or financing issued or received by any Defendant or 3 Leaf, including any loan application, promissory note, or record reflecting any security interest.

41. Any and all documents relating to any payment, transfer, or other financial exchange between or among any Defendant, 3 Leaf, and any customer of 3 Leaf.

42. Any and all documents Defendants intend to use, rely upon, or introduce as evidence at trial or may use, rely upon, or introduce as evidence at trial.

43. Documents sufficient to identify any telephone number, email address, social media account, or other electronic account any Defendant used to send correspondence relating to 3 Leaf.

44. Documents sufficient to identify any person or entity that employed you or hired you as an independent contractor since 2010.

45. Documents sufficient to identify any services, tasks, goods, consulting, advice, or labor you provided to any Defendant, Plaintiff, or 3 Leaf.

46. Documents sufficient to identify how much money you have received from 3 Leaf, Plaintiff, or any Defendant.

47. Your resume or curriculum vitae.

48. Documents sufficient to identify any companies, corporations, or other businesses in which you have or have had an ownership interest since 2010.

49. Documents relating to or constituting any communication between or among you, any client of 3 Leaf, and any Defendant.

50. Documents relating to any ISO fee paid or received by you.

51. Documents sufficient to identify any ISO broker you paid.

52. Any and all documents and communications any Defendant intends to rely upon to support any affirmative defense asserted by any Defendant in this litigation.

Brooklyn, NY

Dated: November 28, 2018

By: _____

Nicholas Bowers, Esq. (NB8145)
GARY TSIRELMAN, P.C.
*Attorneys for Plaintiff*
129 Livingston
Second Floor
Brooklyn, New York 11201
(718) 438-1200