

**STEVEN A. METCALF II, ESQ.**, Managing Attorney
**NANETTE IDA METCALF, ESQ.**, Managing Attorney**
**MARTIN TANKLEFF, ESQ.**, Associate Attorney
**CHRISTOPHER DARDEN, ESQ.**, *Special Counsel**
**JOSEPH D. MCBRIDE, ESQ.**, *of Counsel*

January 11, 2021

<u>VIA ECF</u>
Honorable Magistrate Steven L. Tiscione
United States Federal Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Request for Extension for Discovery*
              *Capitol 7 Funding vs. Wingfield Capitol Corp., et al.*
              *Docket #:* 17-cv-2374(RRM)(ST)

Dear Hon. Tiscione,

    Please Take Notice, that I represent Burgis Sethna, SkiFi and Heath Wagenheim and am respectfully asking that discovery in this case be extended due to the following issues as outlined below.
.
    Prior to COVID this firm had a calendar clerk who was responsible for calendaring all matters, following e-tracked cases to calendar motions, checking all firm e-mail accounts for any deadlines or dates, etc. He also assisted the firm in any additional menial tasks such as drafting discovery demands, serving and following up on subpoenas and discovery matters, filing, etc. Unfortunately, due to various uncertainties of COVID, our calendar clerk's hours were drastically cut, and eventually he quit.

**Metcalf & Metcalf, P.C.**
99 Park Avenue, 25th Floor
New York, NY 10016
646.253.0514 (*Phone*)
646.219.2012 (*Fax*)

Page | 1

Since our calendar clerk's departure, we have not rehired someone to fill the position, mainly because COVID has kept the stability of our firm in question. The firm is run primarily by myself and my wife, Nanette Metcalf, Esq.

Our personal assistant had numerous scares within her family about contracting COVID since March 2020. Because of her family scares, since April 2020, our assistant has worked primarily from her home, and goes to our Manhattan office very infrequently for limited purposes. Tragically, she currently has COVID and has been out of the office since before the holidays in December 2020.

In addition to running our firm together, my wife and I also care for our two children. Our oldest son is 2 and a half and our youngest daughter is only 10 months old and born just before COVID shocked New York City. Based on COVID concerns, we got rid of our Brooklyn residence, and moved our family out of New York State, to take as much precaution as possible.

In addition to moving out of our Brooklyn residence, our ability to maintain adequate childcare to sustain our working hours has also been affected by COVID, and my wife is presently working significantly less hours than she normally did in order to care for our children.

Under normal circumstances, and in a normal world, losing a calendar clerk, having my wife/partner on maternity leave, having the firm's only employee take a few days off, would have had minimal impact on our firm and we would have likely hired additional help. However, in a COVID world[1], in the aggregate these delays, postponements, and limitations in staff became overwhelming and somewhat unmanageable.

Tragically, the second to last week of November COVID hit our family directly and my nine-month-old daughter tested positive and ran a fever for several days, at times up to 104 degrees. My two-year-old son, myself, my wife, my wife's 75-year-old mother who suffers from COPD and diabetes, along with my wife's 99-year-old grandmother all began to suffer symptoms as well.

---

[1] This Court needs no reminder of the COVID shut down, the delays, the adjournments, some even indefinite, the toll of statutes of limitations, the uncertainty of cases and of the future, etc.

**Metcalf & Metcalf, P.C.**
99 Park Avenue, 25th Floor
New York, NY 10016
646.253.0514 (*Phone*)
646.219.2012 (*Fax*)

Page | 2

The battle began there and ended with my wife's grandmother in the family home in home hospice care for over a week. She ultimately died two days before Christmas.

My family and I received limited assistance from any home care attendant since we had a COVID positive home, so little to no one was willing to come to assist.

We also, because of quarantine, did not have childcare for our children. It was a nightmare to say the least.

I am therefore requesting that this Court grant an extension of time for the undersigned to conduct and complete discovery.

COVID has presented extreme and exceptional circumstances on my law practice and personal life, where as a family and partners of a law firm, my wife and I have had to make drastic decisions to maintain afloat. We decided to move states away for economic and safety reasons during COVID. We had to lose an employee, and struggle to keep those involved on the pay roll.

Additionally, as previously stated, COVID tangentially affected our household and ripped right through us, concluding with the loss of my wife's grandmother two days before Christmas.

Overall, based on the prior litigation in this matter coupled with the world that we currently live in under COVID, and how it affected both my firm's operations and family, creates extreme circumstances to constitute a reasonable excuse for discovery in this matter not being complete.

Thank you for your attention in this matter, I am reachable at 631.521.1499.

Sincerely,

*Steven A. Metcalf*
STEVEN A. METCALF, ESQ.
*Counsel for Sethna Defendants*

mt/SAM

**Metcalf & Metcalf, P.C.**
99 Park Avenue, 25th Floor
New York, NY 10016
646.253.0514 (*Phone*)
646.219.2012 (*Fax*)

To: Nicholas Bowers, Esq.
Gary Tsirelman P.C.
Attorneys for Plaintiff
129 Livingston St.
Brooklyn NY 11201
Email: nbowers@gtmdjd.com

**Metcalf & Metcalf, P.C.**
99 Park Avenue, 25th Floor
New York, NY 10016
646.253.0514 (*Phone*)
646.219.2012 (*Fax*)

Page | 4