# In the United States District Court for the Eastern District of New York

------------------------------------------------------------x

**CAPITOL 7 FUNDING**,

                    Plaintiff,

     v.

                                  **Docket No.**
                                  **17-cv-2374(RRM)(ST)**

**WINGFIELD CAPITAL CORPORATION, ET. AL.**

------------------------------------------------------------x

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(c)

STEVEN A. METCALF II, ESQ.
*Attorneys for Defendants*
*Wingfield Capital Corporation, Burgis Sethna and*
*Heath Wagenheim*
**Metcalf & Metcalf, P.C.**
99 Park Avenue, 25th Floor
New York, NY 10016
(*Phone*) 646.253.0514
 (*Fax*) 646.219.2012

Notice of Motion and Motion to Set Aside Default Judgment Pursuant to FRCP 55(c)

# I.     PRELIMINARY STATEMENT

Defendant's respectfully submit this Memorandum of Points and Authorities in Support of Defendant's Motion to Set Aside Entry of Default.

We respectfully request that this Court set aside the entry of default against Defendants pursuant to Fed. R. Civ. P. 55(c) because there is good cause for Defendant's delay in appearing in this action.  This case has been litigated for years, and I am approximately the fourth attorney to appear on behalf of said Defendants. On June 11, 2020 there was a conference on this matter, where there was not a single mention during such conference or any other time prior to Plaintiff's default filing that Answers have not been filed with respect to Plaintiff's Amended Complaint.

Upon being retained on this matter, I did not realize this issue, and after discussions with Plaintiff's attorney, I was not notified of such default. Regardless, this case has proceeded, and the last couple of months have been personally devastating, where myself, my pregnant wife, and our two infant children all contacted COVID-19. We lost our grandmother, who contacted COVID with us, on December 22, 2020.

Now after fully recovering, I submit the instant application on behalf of Defendants.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff filed a lawsuit against Defendant on April 20, 2017. (ECF# 1). Plaintiff filed an Amended Complaint on May 4, 2017 (ECF #4).

### A. Individual Defendant Health Wagenheim

According to the Affidavit of Process Server, Proof of Service on file with this Court, Defendant Health Wagenheim was served on June 2, 2017. (ECF# 84-2) (See, Exhibit "A") with the Amended Complaint.

Plaintiff's counsel filed a Request for Certificate of Default on July 20, 2020 (ECF# 84) against Defendant Health Wagenheim. (See, **Exhibit "A"** annexed hereto). Along with the request, the Plaintiff filed a Declaration in Support of Request for Certificate of Default (ECF# 84-1). (See, **Exhibit "A"** annexed hereto). Further, Affidavit of Process Server was filed too (ECF# 84-2). (See, **Exhibit "A"**). Thereafter, without any submission or opposition from the defendant, Health Wagenheim, the clerk entered default against Defendant on July 27, 2020 (ECF #90) (See, **Exhibit "D"**).

### B. Individual Defendant Burgis Sethna a/k/a Seth Burgess

The same procedure as mentioned with Defendant Health Wagenheim took place with Defendant Burgis Sethna. According to the Declaration in Support of

Request for Certificate of Default, Defendant Sethna, filed a motion to dismiss the Second Amended Complaint on June 21, 2019 which the court denied on May 29, 2020. (ECF # 82).

Plaintiff's counsel filed a Request for Certificate of Default on July 20, 2020 (ECF# 85) against Defendant Sethna. (See, **Exhibit "B"**). Along with the request, the Plaintiff filed a Declaration in Support of Request for Certificate of Default (ECF# 85-1). (See, **Exhibit "A"**). Further, no Affidavit of Process Server was filed. Thereafter, without any submission or opposition from the defendant, Sethna, the Clerk entered default against Defendant Sethna on July 27, 2020 (ECF #90) (See, **Exhibit "D"**).

### C. Defendant Wingfield Capital Corporation

The same procedure as mentioned with Defendant Wagenheim and Sethna took place with Defendant Wingfield. According to the Declaration in Affidavit of Service, Defendant Wingfield Capital Corporation was served on June 6, 2017. (ECF# 88-2) (See, Exhibit "C") with the Amended Complaint.

Plaintiff's counsel filed a Request for Certificate of Default on July 20, 2020 (ECF# 88) against defendant Wingfield Capital Corporation. (See, **Exhibit "C"**). Along with the request, the Plaintiff filed a Declaration in Support of Request for Certificate of Default (ECF# 88-1). (See, **Exhibit "C"**). Further, Affidavit of Service

was filed (ECF# 88-2). (See, **Exhibit "C")** Thereafter, without any submission or opposition from the defendant Wingfield, the Court entered default against Defendant on July 27, 2020 (ECF #90) (See, **Exhibit "D"**).

### D. Undersigned Counsel Files Notice of Appearance.

Undersigned counsel filed his Notice of Appearance on February 15, 2019 (ECF# 76) on behalf of Wingfield Capital Corporation, Burgis Sethna, a/k/a Seth Burgess and Health Wagenheim. Since such time there have been numerous conferences on this case, the undersigned has spoken on numerous occasions with Daniel Bibb, counsel for the remaining Defendant whom have appeared, and Plaintiff's counsel. It was never brought to my attention that there was never an Answer to the Amended Complaint, and upon my review of the filing in this matter, I did not notice such Default, and rather consumed my time with other aspects of this case, where I have corrected various errors that prior counsels did not handle before I submitted my appearance.

### E. June 11, 2020 Telephone Conference/Discovery Schedule.

On June 11, 2020, the parties engaged in a telephone conference before Magistrate Judge Steven Tiscione. Attorney Bowers appeared for the Plaintiff, as did myself and attorney Daniel Bibb for Defendants. The Court recognized that the parties were continuing to engage in discovery considering the motion to dismiss had

been decided. The court set a deadline for completion of fact discovery to January 11, 2021. The Court further advised all parties that they should advise the Court if, and when a settlement conference would be productive. (ECF# 83). The parties never discussed any issues regarding there being a default for not answering the Amended Complaint during such conference. Without further discussions, Plaintiff's filed the instant applications at the end of July 2020.

### F. Requests for Certificate of Default

On or about July 20, 2020, undersigned counsel received notice that the Plaintiff had filed via ECF several requests for Certificate of Default. During this time, and for several months, New York City and the rest of the world were dealing with the novel coronavirus COVID-19. Further, undersigned defense counsel moved his office from 11 Broadway in Manhattan to 99 Park Avenue in Manhattan right before COVID-19 hit and a series of lockdowns took place.

Most notably, the undersigned was traveling from New York to Maryland on a regular basis where he had moved his family (his wife and two young children) for several reasons. At no time did counsel intend on not responding to the requests. However, he was in discussions with his clients on how to respond and handle the matter in toto. Before those discussions could get resolved, the Clerk of the Court had already issued a judgment against the defendants.

To save the Court time, the Defendant's refer to the arguments that he outlined in the motion to dismiss to show that there are several meritorious defenses to the lawsuit here.

### III.   ARGUMENT

Federal Rule of Civil Procedure 55(c) provides that an entry of default may be set aside upon a showing of good cause. FED. R. CIV. P. 55(c). The Second Circuit's "good cause" standard for setting aside entry of default is the same as that for setting aside default judgment under Rule 60(b), but the test for setting aside entry of default is less rigid and is more generous to the party in default.

The standard for setting aside an entry of default pursuant to Rule 55(c) is "lenient" and less rigorous than the standard for setting aside a default judgment pursuant to Rule 60(b). *American Airlines Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996); *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) (describing the Rule 55(c) standard as "lenient").

Rule 55(c) provides that relief from the entry of a default may be granted for "good cause shown." FED. R. CIV. P. 55(c) (highlighting "For good cause shown the court may set aside an entry of default. . ."). Although Rule 55(c) does not define "good cause," the Second Circuit has instructed that district courts must consider principally "(1) whether the default was willful; (2) whether setting aside the default

would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Of course, the decision on whether to grant relief from the entry of default is left to the sound discretion of the district court as it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties. *Id.*

The Court considers three factors when deciding whether to set aside default: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside default would prejudice the plaintiff. *Id.* at 925-26. In addition, "[t]he law does not favor defaults," and "therefore, any doubts as to whether a party is in default should be decided in favor of the defaulting party." *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 614 (C.D. Cal. 1995).[1]

---

[1] A motion to vacate a default judgment is "addressed to the sound discretion of the district court." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). As relevant here, a Rule 60(b) motion to vacate a judgment may be granted on the basis of "excusable neglect," Fed. R. Civ. P. 60(b)(1), or for "any other reason justifying relief from the operation of the judgment," Fed. R. Civ. P. 60(b)(6); *see also* FED. R. CIV. P. 55(c) (providing that default judgments may be set aside in accordance with Rule 60(b)).

Given the breadth of this discretion, however, the Court of Appeals has suggested that courts, in deciding whether to vacate a default judgment, consider three factors: (1) whether the default was "willful"; (2) whether a meritorious defense is presented; and (3) whether setting aside the default would prejudice the non-moving party. *McNulty,* 137 F.3d at 738. While none of these factors is alone dispositive, the Court should consider and weigh all three.

*Gunnells v. Teutul*, 469 F. Supp. 3d 100, 102–03 (S.D.N.Y. 2020).

Here, each of these factors weighs in favor of setting aside these defaults. As highlighted above, this is a lawsuit that was drafted in a way where attorneys for the Defendants had to absorb an astronomical amount of time and energy in defending against these allegations. With that time and energy, Defendants have paid substantial sums of money for their defense, only to have their relationships with their counsel at the time diminish. Because of the hundreds of thousands of dollars spent in defending against these allegations, I am at least the fourth attorney for the Sethna Defendants. I picked this case right up in the beginning of 2019, and after conferences and talks with the attorneys herein, I have engaged in a Motion to Dismiss, and turning over hundreds of pages of discovery, and responding to the voluminous outstanding discovery requests. In jumping into a matter this far along and this complex, I never took notice of Defendants being in default for not filing an Answer to the Amended Complaint until such default applications were filed in this matter.

The last couple of months have been extremely difficult for my family and law practice. COVID-19 has literally made its way into my home after my wife and I relocated our family out of New York City. We have had our law practice essentially closed down completely, were our remaining staff works from home primarily because of various prior health concerns among our employees. My wife, who is also my law partner, and I relocated our family (my wife's mother and grandmother and

our two infant children) out of New York to take precautions in light of COVID-19. Tragically, the second to last week of November COVID hit my family directly and our nine-month-old daughter tested positive and ran a fever for several days, at times up to 104 degrees. Overall, our two-year-old son, myself, my wife, her 75-year-old mother who suffers from COPD and diabetes, along with my wife's 100-year-old grandmother all began to suffer symptoms as well. The battle began there and ended with our grandmother passing away on December 23, 2020.

This is all to say that our practice has been struggling since April 2020, which has operating remotely since such time, and then in November 2020 came the real struggle with COVID. None of this has anything to do with Defendants being culpable for the conduct that led to the default. Sethna Defendant's spent a substantial amount of money hiring various law firms to defend against this suit. In doing so, and being the fourth attorney, I never even took note that an Answer to the Amended Complaint had not been filed. This is a huge oversight that can easily be fixed. As part of this application, we attached an Amended Answer to Plaintiff's Amended Complaint. This document can easily be filed, and Plaintiff's can just as easily be compelled to accept service.

The second and third factors are even easier to apply. Second, Defendants have undergone years of litigation to obtain a favorable outcome in this matter. In the

Notice of Motion and Motion to Set Aside Default Judgment Pursuant to FRCP 55(c)

motion to dismiss certain defendants were released, and other causes of action against individual defendants were dismiss. We have turn over a mountain of discovery and seek to continue with discovery and depositions to seek the truth in this matter. So Defendants have unquestionably established a meritorious defense and position on this matter. Lastly, setting aside the default does not prejudice the plaintiff. We have made it this far, and Plaintiff's will not be prejudiced. If the truth is what they seek and intend to prove then we should be able to continue to litigate this matter and finalize discovery.

For these reasons and many more, it is respectfully requested that the Defaults against Defendants Wingfield Capital Corporation, and individual Defendants Burgis Sethna and Heath Wagenheim be vacated.

# IV. CONCLUSION

**WHEREFORE**, for all of the foregoing reasons, Defendants Wingfield Capital Corporation, and individual Defendants Burgis Sethna and Heath Wagenheim respectfully requests that this Court grant all of the relief requested herein and grant such other and further relief as this Court deems just, proper, and equitable.

Dated:     January 4, 2021
           New York, New York

Yours, etc.,

*Steven A. Metcalf*
_____
Steven A. Metcalf II
*Counsel for Defendants Sethna,*
*Wagenheim and Wingfield*
*Capitol Corp.*
99 Park Avenue
Suite 2501
New York, NY  10016
646-253-0514

To:   Nicholas Bowers, Esq.
      Gary Tsirelman P.C.
      Attorneys for Plaintiff
      129 Livingston St.
      Brooklyn NY 11201
      Email: nbowers@gtmdjd.com

Notice of Motion and Motion to Set Aside Default Judgment Pursuant to FRCP 55(c)