

**STEVEN A. METCALF II, ESQ.**, Managing Attorney
**NANETTE IDA METCALF, ESQ.**, Managing Attorney**
**MARTIN TANKLEFF, ESQ.**, Associate Attorney
**CHRISTOPHER DARDEN, ESQ.**, *Special Counsel**
**JOSEPH D.MCBRIDE, ESQ.**, *of Counsel*
**MARC HOWARD, ESQ**. *of Counsel*

# EXHIBIT E

**Metcalf & Metcalf, P.C.**
99 Park Avenue, 25th Floor
New York, NY 10016
646.253.0514 (*Phone*)
646.219.2012 (*Fax*)

# United States District Court
# The Eastern District Of New York

---------------------------------------------------------X

**Capital 7 Funding,**

*Plaintiff*

- against -

**Wingfield Capital Corporation, Prestige Investment Associates, Inc., d/b/a Prestige Investments USA, and First Choice Payment Systems, Inc., d/b/a 1st Choice Payments**

*Corporate Defendants*

And

**Burgis Sethna, a/k/a Seth Burgess, Heath Wagenheim, Joseph Rabito, Damian Laljie a/k/a Damian Laltie, and John Does 1 through 15,**

*Individual Defendants*

---------------------------------------------------------X

**ANSWER TO AMENDED COMPLAINT**
Docket No. 17-cv-2374

**COUNSELOR(S):**

Defendants, **Wingfield Capital Corporation**, **Burgis Sethna, a/k/a Seth Burgess**, a**nd Heath Wagenheim** by their attorneys, Metcalf & Metcalf, P.C., as and for its Answer to the Amended Complaint (hereafter referred to as "Complaint"), herein alleges as follows:

## ANSWER TO NATURE OF THE ACTION

1.   Denies each and every allegation set forth in paragraph 1 of the complaint.

2.   Denies each and every allegation set forth in paragraph 2 of the complaint.

3.   Denies any knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 3 of the complaint, except to the allegations set forth in paragraph 3 that state "the Defendants intended to use 3 Leaf as a vehicle from which to siphon money for their personal use, using Plaintiff's initial investment in 3 Leaf as seed capital for their fraudulent scheme" the Defendants deny these allegations.

4.   Denies each and every allegation set forth in paragraph 4 of the complaint.

5.   Denies each and every allegation set forth in paragraph 5 of the complaint.

6.   Denies each and every allegation set forth in paragraph 6 of the complaint.

7.   Denies each and every allegation set forth in paragraph 7 of the complaint.

8.   Denies each and every allegation set forth in paragraph 8 of the complaint.

9. Denies each and every allegation set forth in paragraph 9 of the complaint.

## ANSWER TO THE PARTIES

10. Admits the allegations made in paragraph 10 of the complaint.

11. Admits the allegations made in paragraph 11 of the complaint.

12. Admits the allegations made in paragraph 12 of the complaint.

13. Admits the allegations made in paragraph 13 of the complaint.

14. Denies the allegations made in paragraph 14 of the complaint.

15. Denies any knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 15 of the complaint.

16. Denies any knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 16 of the complaint.

17. Denies any knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 17 of the complaint.

18. Denies each and every allegation set forth in paragraph 18 of the complaint.

## ANSWER TO JURISDICTION, VENUE AND STATUTE OF LIMITATIONS

19. Denies knowledge or information sufficient to form a belief as to the law and facts of the allegations set forth in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the law and facts of the allegations set forth in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the law and facts of the allegations set forth in paragraph 21 of the Complaint.

## ANSWER FOR FACTUAL BASIS FOR CLAIMS

22. Denies knowledge or information sufficient to form a belief as to the law and facts of the allegations set forth in paragraph 22 of the Complaint.

## ANSWER TO THE INCORPORATION OF THE 3 LEAF JOINT VENTURE

23. Denies each and every allegation set forth in paragraph 23 of the complaint.

24. Denies each and every allegation set forth in paragraph 24 of the complaint.

25. Denies each and every allegation set forth in paragraph 25 of the complaint.

26. Denies each and every allegation set forth in paragraph 26 of the complaint.

27. Denies each and every allegation set forth in paragraph 27 of the complaint.

28. Denies each and every allegation set forth in paragraph 28 of the complaint.

29. Denies each and every allegation set forth in paragraph 29 of the complaint.

30. Denies each and every allegation set forth in paragraph 30 of the complaint.

31. Denies each and every allegation set forth in paragraph 31 of the complaint.

32. Denies each and every allegation set forth in paragraph 32 of the complaint.

33. Denies each and every allegation set forth in paragraph 33 of the complaint.

34. Denies each and every allegation set forth in paragraph 34 of the complaint.

35. Denies each and every allegation set forth in paragraph 35 of the complaint.

36. Denies each and every allegation set forth in paragraph 36 of the complaint.

37. Denies knowledge or information sufficient to form a belief as to the law and facts of the allegations set forth in paragraph 37 of the Complaint.

38. Denies each and every allegation set forth in paragraph 38 of the complaint.

39. Denies each and every allegation set forth in paragraph 39 of the complaint.

40. Denies each and every allegation set forth in paragraph 40 of the complaint.

41. Denies each and every allegation set forth in paragraph 41 of the complaint.

42. Denies each and every allegation set forth in paragraph 42 of the complaint.

43. Denies each and every allegation set forth in paragraph 43 of the complaint.

44. Denies each and every allegation set forth in paragraph 44 of the complaint.

45. Denies each and every allegation set forth in paragraph 45 of the complaint.

46. Denies each and every allegation set forth in paragraph 46 of the complaint.

47. Denies each and every allegation set forth in paragraph 47 of the complaint.

48. Denies each and every allegation set forth in paragraph 48 of the complaint.

49. Denies each and every allegation set forth in paragraph 49 of the complaint.

50. Denies each and every allegation set forth in paragraph 50 of the complaint.

51. Denies each and every allegation set forth in paragraph 51 of the complaint.

52. Denies each and every allegation set forth in paragraph 52 of the complaint.

53. Denies each and every allegation set forth in paragraph 53 of the complaint.

54. Denies each and every allegation set forth in paragraph 54 of the complaint.

55. Denies each and every allegation set forth in paragraph 55 of the complaint.

56. Denies each and every allegation set forth in paragraph 56 of the complaint.

57. Denies each and every allegation set forth in paragraph 57 of the complaint.

58. Denies each and every allegation set forth in paragraph 58 of the complaint.

## ANSWER TO DEFENDANTS' THEFT OF MONIES RELATED TO WINGFIELD'S AGREEMENT WITH CARILLO TRUCKING

59. Denies each and every allegation set forth in paragraph 59 of the complaint.

60. Denies each and every allegation set forth in paragraph 60 of the complaint.

61. Denies each and every allegation set forth in paragraph 61 of the complaint.

62. Denies each and every allegation set forth in paragraph 62 of the complaint.

63. Denies each and every allegation set forth in paragraph 63 of the complaint.

64. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 64 of the Complaint.

65. Denies each and every allegation set forth in paragraph 65 of the complaint.

66. Denies each and every allegation set forth in paragraph 66 of the complaint.

67. Denies each and every allegation set forth in paragraph 67 of the complaint.

68. Denies each and every allegation set forth in paragraph 68 of the complaint.

69. Denies each and every allegation set forth in paragraph 69 of the complaint.

70. Denies each and every allegation set forth in paragraph 70 of the complaint.

## ANSWER TO DEFENDANTS' THEFT OF MONIES RELATED TO WINGFIELD'S AGREEMENT WITH TWO PAPER DOLLS

71. Denies each and every allegation set forth in paragraph 71 of the complaint.

72. Denies each and every allegation set forth in paragraph 72 of the complaint.

73. Denies each and every allegation set forth in paragraph 73 of the complaint.

74. Denies each and every allegation set forth in paragraph 74 of the complaint.

75. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 75 of the Complaint.

76. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 76 of the Complaint.

77. Denies each and every allegation set forth in paragraph 77 of the complaint.

78. Denies each and every allegation set forth in paragraph 78 of the complaint.

79. Denies each and every allegation set forth in paragraph 79 of the complaint.

80. Denies each and every allegation set forth in paragraph 80 of the complaint.

81. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 76 of the Complaint.

## ANSWER TO DEFENDANTS' THEFT OF MONIES RELATED TO WINGFIELD'S FIRST AND SECOND AGREEMENT WITH QUALITY PRODUCTS USA, CORP.

82. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 82 of the Complaint.

83. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 83 of the Complaint.

84. Denies each and every allegation set forth in paragraph 84 of the complaint.

85. Denies each and every allegation set forth in paragraph 85 of the complaint.

86. Denies each and every allegation set forth in paragraph 86 of the complaint.

87. Denies each and every allegation set forth in paragraph 87 of the complaint.

88. Denies each and every allegation set forth in paragraph 88 of the complaint.

89. Denies each and every allegation set forth in paragraph 89 of the complaint.

90. Denies each and every allegation set forth in paragraph 90 of the complaint.

91. Denies each and every allegation set forth in paragraph 91 of the complaint.

92. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 92 of the Complaint.

93. Denies each and every allegation set forth in paragraph 93 of the complaint.

94. Denies each and every allegation set forth in paragraph 94 of the complaint.

95. Denies each and every allegation set forth in paragraph 95 of the complaint.

96. Denies each and every allegation set forth in paragraph 96 of the complaint.

97. Denies each and every allegation set forth in paragraph 97 of the complaint.

98. Denies each and every allegation set forth in paragraph 98 of the complaint.

99. Denies each and every allegation set forth in paragraph 99 of the complaint.

100. Denies each and every allegation set forth in paragraph 100 of the complaint.

101. Denies each and every allegation set forth in paragraph 101 of the complaint.

## ANSWER TO DEFENDANTS' THEFT OF MONIES RELATED TO 3 LEAF'S FIRST AND SECOND AGREEMENT WITH 7110 PARTNERS LLC

102. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 103 of the Complaint.

103.    Denies each and every allegation set forth in paragraph 103 of the complaint.

104.    Denies each and every allegation set forth in paragraph 104 of the complaint.

105.    Denies each and every allegation set forth in paragraph 105 of the complaint.

106.    Denies each and every allegation set forth in paragraph 106 of the complaint.

107.    Denies each and every allegation set forth in paragraph 107 of the complaint.

108.    Denies each and every allegation set forth in paragraph 108 of the complaint.

109.    Denies each and every allegation set forth in paragraph 109 of the complaint.

110.    Denies each and every allegation set forth in paragraph 110 of the complaint.

111.    Denies each and every allegation set forth in paragraph 111 of the complaint.

112.    Denies each and every allegation set forth in paragraph 112 of the complaint.

113. Denies each and every allegation set forth in paragraph 113 of the complaint.

114. Denies each and every allegation set forth in paragraph 114 of the complaint.

115. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 115 of the Complaint.

116. Denies each and every allegation set forth in paragraph 116 of the complaint.

117. Denies each and every allegation set forth in paragraph 117 of the complaint.

118. Denies each and every allegation set forth in paragraph 118 of the complaint.

119. Denies each and every allegation set forth in paragraph 119 of the complaint.

120. Denies each and every allegation set forth in paragraph 120 of the complaint.

121. Denies each and every allegation set forth in paragraph 121 of the complaint.

122. Denies each and every allegation set forth in paragraph 122 of the complaint.

123. Denies each and every allegation set forth in paragraph 123 of the complaint.

124. Denies each and every allegation set forth in paragraph 124 of the complaint.

125. Denies each and every allegation set forth in paragraph 125 of the complaint.

126. Denies each and every allegation set forth in paragraph 126 of the complaint.

## ANSWER TO DEFENDANTS' THEFT OF MONIES RELATED TO 3 LEAF'S AGREEMENT WITH SABRE TRANSPORTATION, CORP.

127. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 127 of the Complaint.

128. Denies each and every allegation set forth in paragraph 128 of the complaint.

129. Denies each and every allegation set forth in paragraph 129 of the complaint.

130. Denies each and every allegation set forth in paragraph 130 of the complaint.

131. Denies each and every allegation set forth in paragraph 131 of the complaint.

132. Denies each and every allegation set forth in paragraph 132 of the complaint.

133. Denies each and every allegation set forth in paragraph 133 of the complaint.

134. Denies each and every allegation set forth in paragraph 134 of the complaint.

135. Denies each and every allegation set forth in paragraph 135 of the complaint.

## ANSWER TO DEFENDANTS' THEFT OF MONIES RELATED TO 3 LEAF'S AGREEMENT WITH SCRAPPY AUTO BODY ASSOCIATES, INC.

136. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 136 of the Complaint.

137. Denies each and every allegation set forth in paragraph 137 of the complaint.

138. Denies each and every allegation set forth in paragraph 138 of the complaint.

139. Denies each and every allegation set forth in paragraph 139 of the complaint.

140. Denies each and every allegation set forth in paragraph 140 of the complaint.

141. Denies each and every allegation set forth in paragraph 141 of the complaint.

142. Denies each and every allegation set forth in paragraph 142 of the complaint.

143. Denies each and every allegation set forth in paragraph 143 of the complaint.

144. Denies each and every allegation set forth in paragraph 144 of the complaint.

## ANSWER TO DEFENDANTS' THEFT OF MONIES RELATED TO 3 LEAF'S AGREEMENT WITH POSTAL HIRING AUTHORITY

145. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 145 of the Complaint.

146. Denies each and every allegation set forth in paragraph 146 of the complaint.

147. Denies each and every allegation set forth in paragraph 147 of the complaint.

148. Denies each and every allegation set forth in paragraph 148 of the complaint.

149. Denies each and every allegation set forth in paragraph 149 of the complaint.

150. Denies each and every allegation set forth in paragraph 150 of the complaint.

151. Denies each and every allegation set forth in paragraph 151 of the complaint.

152. Denies each and every allegation set forth in paragraph 152 of the complaint.

153. Denies each and every allegation set forth in paragraph 153 of the complaint.

154. Denies each and every allegation set forth in paragraph 154 of the complaint.

## ANSWER TO DEFENDANTS' THEFT OF MONIES RELATED TO 3 LEAF'S AGREEMENT WITH PROGRESS PRINTING, CORP.

155. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 155 of the Complaint.

156. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 156 of the Complaint.

157. Denies each and every allegation set forth in paragraph 157 of the complaint.

158. Denies each and every allegation set forth in paragraph 158 of the complaint.

159. Denies each and every allegation set forth in paragraph 159 of the complaint.

160. Denies each and every allegation set forth in paragraph 160 of the complaint.

161. Denies each and every allegation set forth in paragraph 161 of the complaint.

162. Denies each and every allegation set forth in paragraph 162 of the complaint.

163. Denies each and every allegation set forth in paragraph 163 of the complaint.

164. Denies each and every allegation set forth in paragraph 164 of the complaint.

## ANSWER TO DEFENDANTS' THEFT OF MONIES RELATED TO 3 LEAF'S AGREEMENT WITH TEXAS NATIONAL CONTRACTORS, LLC.

165. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 165 of the Complaint.

166. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 166 of the Complaint.

167. Denies each and every allegation set forth in paragraph 167 of the complaint.

168. Denies each and every allegation set forth in paragraph 168 of the complaint.

169. Denies each and every allegation set forth in paragraph 169 of the complaint.

170. Denies each and every allegation set forth in paragraph 170 of the complaint.

171. Denies each and every allegation set forth in paragraph 171 of the complaint.

172. Denies each and every allegation set forth in paragraph 172 of the complaint.

173. Denies each and every allegation set forth in paragraph 173 of the complaint.

174. Denies each and every allegation set forth in paragraph 174 of the complaint.

## ANSWER TO DEFENDANTS' THEFT OF MONIES RELATED TO 3 LEAF'S AGREEMENT WITH RGV CONTRACTING, LLC.

175. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 175 of the Complaint.

176.  Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 176 of the Complaint.

177.  Denies each and every allegation set forth in paragraph 177 of the complaint.

178.  Denies each and every allegation set forth in paragraph 178 of the complaint.

179.  Denies each and every allegation set forth in paragraph 179 of the complaint.

180.  Denies each and every allegation set forth in paragraph 180 of the complaint.

181.  Denies each and every allegation set forth in paragraph 181 of the complaint.

182.  Denies each and every allegation set forth in paragraph 182 of the complaint.

183.  Denies each and every allegation set forth in paragraph 183 of the complaint.

184.  Denies each and every allegation set forth in paragraph 184 of the complaint.

**ANSWER TO DEFENDANTS' THEFT OF MONIES RELATED TO**

**3 LEAF'S AGREEMENT WITH GRANDPARK, CORP.**

185. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 185 of the Complaint.

186. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 186 of the Complaint.

187. Denies each and every allegation set forth in paragraph 187 of the complaint.

188. Denies each and every allegation set forth in paragraph 188 of the complaint.

189. Denies each and every allegation set forth in paragraph 189 of the complaint.

190. Denies each and every allegation set forth in paragraph 190 of the complaint.

191. Denies each and every allegation set forth in paragraph 191 of the complaint.

192. Denies each and every allegation set forth in paragraph 192 of the complaint.

193. Denies each and every allegation set forth in paragraph 193 of the complaint.

194. Denies each and every allegation set forth in paragraph 194 of the complaint.

**ANSWER TO DEFENDANTS' THEFT OF MONIES RELATED TO**

**3 LEAF'S AGREEMENT WITH KRP HOLDINGS/SOTERIA**

195. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 195 of the Complaint.

196. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 196 of the Complaint.

197. Denies each and every allegation set forth in paragraph 197 of the complaint.

198. Denies each and every allegation set forth in paragraph 198 of the complaint.

199. Denies each and every allegation set forth in paragraph 199 of the complaint.

200. Denies each and every allegation set forth in paragraph 200 of the complaint.

201. Denies each and every allegation set forth in paragraph 201 of the complaint.

202. Denies each and every allegation set forth in paragraph 202 of the complaint.

203. Denies each and every allegation set forth in paragraph 203 of the complaint.

204. Denies each and every allegation set forth in paragraph 204 of the complaint.

**ANSWER TO DEFENDANTS' THEFT OF MONIES RELATED TO**

**3 LEAF'S AGREEMENT WITH SBS AMERICA, LLC**

205. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 205 of the Complaint.

206. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 206 of the Complaint.

207. Denies each and every allegation set forth in paragraph 207 of the complaint.

208. Denies each and every allegation set forth in paragraph 208 of the complaint.

209. Denies each and every allegation set forth in paragraph 209 of the complaint.

210. Denies each and every allegation set forth in paragraph 210 of the complaint.

211. Denies each and every allegation set forth in paragraph 211 of the complaint.

212. Denies each and every allegation set forth in paragraph 212 of the complaint.

213. Denies each and every allegation set forth in paragraph 213 of the complaint.

214. Denies each and every allegation set forth in paragraph 214 of the complaint.

## ANSWER TO DEFENDANTS' THEFT OF MONIES RELATED TO 3 LEAF'S AGREEMENT WITH DIRECT ENTERPRISES/REMAX

215. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 215 of the Complaint.

216. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 216 of the Complaint.

217. Denies each and every allegation set forth in paragraph 217 of the complaint.

218. Denies each and every allegation set forth in paragraph 218 of the complaint.

219. Denies each and every allegation set forth in paragraph 219 of the complaint.

220. Denies each and every allegation set forth in paragraph 220 of the complaint.

221. Denies each and every allegation set forth in paragraph 221 of the complaint.

222. Denies each and every allegation set forth in paragraph 222 of the complaint.

223. Denies each and every allegation set forth in paragraph 223 of the complaint.

224. Denies each and every allegation set forth in paragraph 224 of the complaint.

## ANSWER TO DEFENDANTS' THEFT OF MONIES RELATED TO 3 LEAF'S AGREEMENT WITH L AND B SNACKS, LLC

225. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 225 of the Complaint.

226. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 226 of the Complaint.

227. Denies each and every allegation set forth in paragraph 227 of the complaint.

228. Denies each and every allegation set forth in paragraph 228 of the complaint.

229. Denies each and every allegation set forth in paragraph 229 of the complaint.

230. Denies each and every allegation set forth in paragraph 230 of the complaint.

231. Denies each and every allegation set forth in paragraph 231 of the complaint.

232. Denies each and every allegation set forth in paragraph 232 of the complaint.

233. Denies each and every allegation set forth in paragraph 233 of the complaint.

234. Denies each and every allegation set forth in paragraph 234 of the complaint.

## ANSWER TO DEFENDANTS' THEFT OF MONIES RELATED TO 3 LEAF'S AGREEMENT WITH CHRISTOPHER'S HOUSE

235. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 235 of the Complaint.

236. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 236 of the Complaint.

237. Denies each and every allegation set forth in paragraph 237 of the complaint.

238. Denies each and every allegation set forth in paragraph 238 of the complaint.

239. Denies each and every allegation set forth in paragraph 239 of the complaint.

240. Denies each and every allegation set forth in paragraph 240 of the complaint.

241. Denies each and every allegation set forth in paragraph 2241 of the complaint.

242. Denies each and every allegation set forth in paragraph 242 of the complaint.

243. Denies each and every allegation set forth in paragraph 243 of the complaint.

244. Denies each and every allegation set forth in paragraph 244 of the complaint.

## ANSWER TO DEFENDANTS' THEFT OF MONIES RELATED TO 3 LEAF'S FIRST AND SECOND AGREEMENT WITH CHICKY BOOM

245. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 245 of the Complaint.

246. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 246 of the Complaint.

247. Denies each and every allegation set forth in paragraph 247 of the complaint.

248. Denies each and every allegation set forth in paragraph 248 of the complaint.

249. Denies each and every allegation set forth in paragraph 249 of the complaint.

250. Denies each and every allegation set forth in paragraph 250 of the complaint.

251. Denies each and every allegation set forth in paragraph 251 of the complaint.

252. Denies each and every allegation set forth in paragraph 252 of the complaint.

253. Denies each and every allegation set forth in paragraph 253 of the complaint.

254. Denies each and every allegation set forth in paragraph 254 of the complaint.

255. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 255 of the Complaint.

256. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 256 of the Complaint.

257. Denies each and every allegation set forth in paragraph 257 of the complaint.

258. Denies each and every allegation set forth in paragraph 258 of the complaint.

259. Denies each and every allegation set forth in paragraph 259 of the complaint.

260. Denies each and every allegation set forth in paragraph 260 of the complaint.

261. Denies each and every allegation set forth in paragraph 261 of the complaint.

262. Denies each and every allegation set forth in paragraph 262 of the complaint.

263. Denies each and every allegation set forth in paragraph 263 of the complaint.

264. Denies each and every allegation set forth in paragraph 264 of the complaint.

## ANSWER TO DEFENDANTS' THEFT OF MONIES RELATED TO 3 LEAF'S AGREEMENT WITH HAILEYS/MIDDLETON PUB, CORP.

265. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 265 of the Complaint.

266. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 266 of the Complaint.

267. Denies each and every allegation set forth in paragraph 267 of the complaint.

268. Denies each and every allegation set forth in paragraph 268 of the complaint.

269. Denies each and every allegation set forth in paragraph 269 of the complaint.

270. Denies each and every allegation set forth in paragraph 270 of the complaint.

271. Denies each and every allegation set forth in paragraph 271 of the complaint.

272. Denies each and every allegation set forth in paragraph 272 of the complaint.

273. Denies each and every allegation set forth in paragraph 273 of the complaint.

274. Denies each and every allegation set forth in paragraph 274 of the complaint.

## ANSWER TO DEFENDANTS' THEFT OF MONIES RELATED TO 3 LEAF'S AGREEMENT WITH CORCHO VINE CORP.

275. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 275 of the Complaint.

276. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 276 of the Complaint.

277. Denies each and every allegation set forth in paragraph 277 of the complaint.

278. Denies each and every allegation set forth in paragraph 278 of the complaint.

279. Denies each and every allegation set forth in paragraph 279 of the complaint.

280. Denies each and every allegation set forth in paragraph 280 of the complaint.

281. Denies each and every allegation set forth in paragraph 281 of the complaint.

282. Denies each and every allegation set forth in paragraph 282 of the complaint.

283. Denies each and every allegation set forth in paragraph 283 of the complaint.

284. Denies each and every allegation set forth in paragraph 284 of the complaint.

285. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 285 of the Complaint.

**ANSWER TO DEFENDANTS' THEFT OF MONIES RELATED TO**

**3 LEAF'S AGREEMENT WITH FURNISHING DIRECT**

286. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 286 of the Complaint.

287. Denies each and every allegation set forth in paragraph 287 of the complaint.

288. Denies each and every allegation set forth in paragraph 288 of the complaint.

289. Denies each and every allegation set forth in paragraph 289 of the complaint.

290. Denies each and every allegation set forth in paragraph 290 of the complaint.

291. Denies each and every allegation set forth in paragraph 291 of the complaint.

292. Denies each and every allegation set forth in paragraph 292 of the complaint.

293. Denies each and every allegation set forth in paragraph 293 of the complaint.

## ANSWER TO DEFENDANTS' THEFT OF MONIES RELATED TO 3 LEAF'S AGREEMENT WITH LUXE BOUTIQUE, LLC

294. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 294 of the Complaint.

295. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 295 of the Complaint.

296. Denies each and every allegation set forth in paragraph 296 of the complaint.

297. Denies each and every allegation set forth in paragraph 297 of the complaint.

298. Denies each and every allegation set forth in paragraph 298 of the complaint.

299. Denies each and every allegation set forth in paragraph 299 of the complaint.

300. Denies each and every allegation set forth in paragraph 300 of the complaint.

301. Denies each and every allegation set forth in paragraph 301 of the complaint.

302. Denies each and every allegation set forth in paragraph 302 of the complaint.

303. Denies each and every allegation set forth in paragraph 303 of the complaint.

**ANSWER TO DEFENDANTS' THEFT OF MONIES RELATED TO 3 LEAF'S AGREEMENT WITH MILLENNIUM TRAVEL & TOURS**

304. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 304 of the Complaint.

305. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 305 of the Complaint.

306. Denies each and every allegation set forth in paragraph 306 of the complaint.

307. Denies each and every allegation set forth in paragraph 307 of the complaint.

308. Denies each and every allegation set forth in paragraph 308 of the complaint.

309. Denies each and every allegation set forth in paragraph 309 of the complaint.

310. Denies each and every allegation set forth in paragraph 310 of the complaint.

311. Denies each and every allegation set forth in paragraph 311 of the complaint.

312. Denies each and every allegation set forth in paragraph 312 of the complaint.

313. Denies each and every allegation set forth in paragraph 313 of the complaint.

314. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 314 of the Complaint.

315. Denies knowledge or information sufficient to form a belief as to facts of the allegations set forth in paragraph 315 of the Complaint.

316. Denies each and every allegation set forth in paragraph 316 of the complaint.

317. Denies each and every allegation set forth in paragraph 317 of the complaint.

318. Denies each and every allegation set forth in paragraph 318 of the complaint.

319. Denies each and every allegation set forth in paragraph 319 of the complaint.

320. Denies each and every allegation set forth in paragraph 320 of the complaint.

321. Denies each and every allegation set forth in paragraph 321 of the complaint.

322. Denies each and every allegation set forth in paragraph 322 of the complaint.

323. Denies each and every allegation set forth in paragraph 323 of the complaint.

324.   Denies each and every allegation set forth in paragraph 296 of the

complaint.

## ANSWER TO DEFENDANTS' VIOLATION OF THE

## FEDERAL WIRE FRAUD STATUTE18 U.S.C. §1343

325.   Denies each and every allegation set forth in paragraph 325 of the

complaint.

326.   Denies each and every allegation set forth in paragraph 326 of the

complaint.

327.   Denies each and every allegation set forth in paragraph 327 of the

complaint.

328.   Denies each and every allegation set forth in paragraph 328 of the

complaint.

329.   Denies each and every allegation set forth in paragraph 329 of the

complaint.

## ANSWER TO DEFENDANTS' VIOLATION OF THE

## FEDERAL MONEY LAUNDERING 18 U.S.C. §1956

330.    Denies all knowledge or information sufficient to form a belief as

to the law

and facts of the allegations set forth in paragraph 330 of the

Complaint.

331.    Denies each and every allegation set forth in paragraph 331 of the complaint.

332.    Denies each and every allegation set forth in paragraph 332 of the complaint.

333.    Denies each and every allegation set forth in paragraph 333 of the complaint.

## AFFIRMATIVE DEFENSES

334.    As and for their affirmative defenses to the Complaint, the Defendants, by their undersigned attorneys, allege as follows:

## FIRST AFFIRMATIVE DEFENSE

The Verified Complaint should be dismissed for failure to state a cause of action as against defendant,

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because, at all times relevant hereto, the Defendants acted in good
faith and did not violate any right that may be secured to Plaintiffs under any federal, state or local laws, rules, regulations or guidelines. The claims alleged in the Complaint are barred as Defendants have fulfilled all of their obligations to plaintiffs, if any existed at all.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Defendants respectfully

demand a trial by jury on any and all issues so triable.

**WHEREFORE,** the answering defendant demand a judgment against

the Plaintiff as follows:

(a) Dismissing the Complaint and each and every cause of action therein;
(b) Awarding the Defendants their costs, reasonable attorney's fees and disbursements incurred in defending this action; and
(c) Awarding Defendants such other and further relief as may be deemed just and proper.

Dated:      New York, NY
         December 9, 2020

Respectfully Submitted,

`

_____
STEVEN A. METCALF, II, Esq
**METCALF & METCALF, P.C.**
*Attorneys for Defendants*
99 Park Avenue, 25th Floor
New York, New York 10016
(*Phone*)  INSERT HERE
(*Fax*)   INSERT HERE

TO: