UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CAPITAL 7 FUNDING,

        *Plaintiff,*

        - against -

WINGFIELD CAPITAL CORP., *et al.,*

-----------------------------------------------------------------X

Docket No. 17-cv-2374

**DECLARATION IN SUPPORT OF MOTION FOR A DEFAULT JUDGMENT AND IN OPPOSITION TO DEFENDANTS' MOTIONS TO VACATE**

## DECLARATION OF NICHOLAS BOWERS IN SUPPORT OF PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT

I, Nicholas Bowers, declare pursuant to 28 U.S.C. § 1746 under penalty of perjury that the following is true and correct:

1. I am an associate with the law firm Gary Tsirelman, P.C. and am counsel for Plaintiff Capital 7 Funding ("Capital 7") in this matter. I have personal knowledge of the facts set forth in this declaration, and would testify to their truth in a court of law if required to do so.

2. I submit this declaration under the penalty of perjury in support of Plaintiff's motion for a default judgment against Wingfield Capital Corporation ("Wingfield"), Burgis Sethna, a/k/a Seth Burgess ("Sethna"), Heath Wagenheim ("Wagenheim"), Joseph Rabito ("Rabito"), and Damina Laljie, a/k/a Damian Laltie ("Laljie") pursuant to Federal Rule of Civil Procedure 55(b)(2), along with any other and further relief the Court may deem just and proper. I also submit this declaration in support of Capital 7's opposition to Defendants' motions to vacate their certificates of default.

3. Plaintiff seeks a default judgment against the Defendants as follows:

    a. On Plaintiff's First Cause of Action against all Defendants for violations of the civil RICO statute, 18 U.S.C. § 1962(c);

    b. On Plaintiff's Second Cause of Action against all Defendants for violations of the civil RICO statute, 18 U.S.C. § 1962(d);

    c. On Plaintiff's Third Cause of Action against Defendants Wingfield, Sethna, and Wagenheim for common law fraud;

    d. On Plaintiff's Fourth Cause of Action against all Defendants for aiding and abetting fraud;

    e. On Plaintiff's Fifth Cause of Action Defendants Wingfield, Sethna, and Wagenheim for unjust enrichment;

    f. On Plaintiff's Sixth Cause of Action against all Defendants for breach of contract; and

    g. On Plaintiff's Seventh Cause of Action against all Defendants for conversion.

### I. Relevant Facts

#### a. Procedural History

4. Capital 7 initiated this action by filing its initial Complaint on April 20, 2017. ECF No.1

5. Capital 7 subsequently filed a Second Amended Complaint on August 31, 2017. ECF 26.

6. Pursuant to the Court's Order, Capital 7 filed a RICO Statement with further details on February 1, 2018. ECF No.33.

7. Defendants, including the Metcalf Defendants, filed motions to dismiss on June 21, 2019. ECF No. 78-81.

8. The Court denied the Metcalf Defendants' motion to dismiss in its entirety on May 29, 2020. ECF No. 82.

9. The parties attended a telephonic discovery scheduling conference with Judge Tiscione on June 11, 2020. ECF No. 83.

10. Thereafter, Defendants failed to file answers to the Complaint. As a result, Capital 7 filed requests for certificates of default against all Defendants on July 20, 2020. ECF Nos. 84-88.

11. The Clerk of Court entered defaults against all Defendants on July 27, 2020. ECF Nos. 89-93.

12. Thereafter, the Defendants did not file anything with the Court until January 11, 2021, when Defendants Wingfield, Sethna, and Wagenheim sought an extension of discovery deadlines and requested the Court to set aside the entries of default. ECF Nos. 95 and 96.

13. At no time between the June 11, 2020 discovery conference and their January 11 filings did counsel for any Defendant attempt to contact counsel for Capital 7.

14. Counsel for Defendants had contacted counsel for Plaintiff via email and telephone prior to the June 11, 2020 discovery conference. Plaintiff's counsel has not changed any telephone number or email address since prior to filing this suit.

    b. **Summary of Plaintiff's Allegations**

15. As set forth more fully in the Second Amended Complaint ("Complaint") filed at ECF No. 26, Defendants organized a scheme to defraud Plaintiff through the operation of a joint venture between Plaintiff and Defendant Wingfield Capital Corporation ("Wingfield") organized as 3 Leaf Capital, LLC ("3 Leaf"), which Defendants induced Plaintiff to join.

16. 3 Leaf purportedly operated as a purchaser of future receivables from companies needing to raise money in the short term. Compl. ¶27. 3 Leaf would provide its customer businesses with immediate payments of capital in exchange for a part of the customers' future receivables. Id. ¶28. In most cases, the customers would purportedly enter into an arrangement with 3 Leaf pursuant to which a portion of their daily credit or debit card receipts would automatically be electronically transferred each day into 3 Leaf's account, over which Defendants had control. Id. ¶29. In some cases, the amounts were automatically deposited each day into Wingfield's account or a purported lockbox account over which Defendants had control. Id. ¶140.

17. Defendants Rabito, Wagenheim, and Laljie were all responsible for the day-to-day management of 3 Leaf, its staff, and its operations. Id. ¶26. Although Defendants agreed to provide half of the start-up capital for 3 Leaf, Defendants never did so and relied entirely on Capital 7 to provide funds for each and every purported receivables purchase. Id. ¶¶24, 42. In all cases, Defendants asked Capital 7 to provide all necessary funds to purchase the receivables from purported customers. Id. ¶42. Many of the customers either did not exist or

were paid kickbacks by Defendants to pose as legitimate customers. Id. ¶¶44-50.

18. Defendants concealed their fraud by allowing a portion of many customers' automatic payments to be made into 3 Leaf's account, or by redirecting payments into accounts under Defendants' control without informing Capital 7. Id. ¶51. In other cases, defendants misrepresented that the customers had ceased payments when, in reality, Defendants merely redirected the automatic payments into their own accounts or received a direct kickback from the purported customer. Id. ¶¶44-45. Defendants also induced Plaintiff to make payments to Defendants for phony business costs and fees, particularly for independent sales organization ("ISO") fees supposedly payable to an outside broker for each and every transaction with a customer. Id. ¶47. Defendants at all times knew that 3 Leaf's actual purpose was to be a vehicle for their scheme to defraud Plaintiff.

   c. **Additional Relevant Facts**

19. The undersigned's wife gave birth to a new child on October 27, 2020. From that date until December 2020, the undersigned was on parental leave from work. The undersigned continued to communicate with opposing counsel on other matters, his colleagues, and courts as needed during this time.

20. Beginning in December 2020, the undersigned returned to work part-time. During this time, the undersigned not only communicated with counsel on other matters as needed, but also performed substantive work on cases as needed.

21. The undersigned returned to work full-time on February 15, 2021.

22. The undersigned never communicated to defense counsel that Defendants Laljie and Rabito were anything but full participants in the scheme to defraud Plaintiff.

23. Attached hereto is a true and correct copy of the operating agreement pertaining to 3 Leaf signed by representative of Plaintiff and Defendant. The agreement identifies Defendant Laljie as a managing member of Defendant Wingfield.

### d. Capital 7's Damages

24. As set forth in the accompanying declaration of Farid Peysakhov, the total damages Plaintiff has incurred as a result of Defendants' fraudulent scheme is contained in the spreadsheet prepared by counsel and attached hereto as Exhibit 2 contain information extracted from a summary of payments made by Plaintiff to Defendants for each purported deal with a purported customer of 3 Leaf. This summary was prepared and maintained in the ordinary course of Plaintiff's business.

25. The damages are calculated based on the summary as reflected in the attached spreadsheet as follows.

26. As a result of Defendants' fraudulent scheme, Plaintiff paid $2,539,300.00 to Defendants for the purchase of receivables from 3 Leaf's customers and $253,920.00 for fraudulent ISO costs and fees. Plaintiff thus paid Defendants a total of $2,793,220.00 as a result of Defendants' fraudulent scheme.

27. Defendants have repaid Plaintiff $1,619,881.00 to date, all prior to the commencement of this suit. A total of $1,173339.00 remains to be paid by Defendants to reimburse just the amount Plaintiff paid them.

28. Defendants promised Capital 7 a total repayment of $3,517,234.00. Less the amount Defendants repaid prior to this suit and in addition to the fraudulent ISO fees paid by Plaintiff, a total of $2,151,273.00 remain unpaid to Plaintiff.

29. Capital 7 is entitled to treble damages under the RICO Act, as explained in the accompanying memorandum of law.

30. Capital 7 is also seeking pre-judgment interest on its claims, as set forth in the accompanying memorandum of law. Capital 7's calculation is less advantageous than the maximum allowed by the C.P.L.R.

31. Capital 7 thus seeks a total judgment jointly and severally against Defendants of $7,228,277.00 under the RICO act. This amount consists in part of $1,897,353.00 in expectation damages plus $253,920 paid in fraudulent ISO fees trebeled to $6,453,819.00 before prejudgment interest. To this amount is added $774,458.28 in prejudgment interest, calculated by adding the total expectation damages to the fraudulent ISO fees, which is $2,151,273.00, and calculating four years of 9% pre-judgment non-compounded interest per year based on that sum.

32. No prior request for the relief sought by Capital 7 has been made to this Court or any other tribunal.

33. A proposed Order Granting Default Judgment is attached hereto as Exhibit 3.

34. As required by Local Civil Rule 55.2(c), I certify that a copy of all papers submitted in support of this motion have been mailed to the Defendants at the offices of their counsel. Specifically, copies have been sent to:

Daniel L. Bibb, Esq.
The Law Office of Daniel L. Bibb, LLC

261 Madison Avenue, 12th Floor
New York, New York 10016

And

Steven A. Metcalf II, Esq.
Metcalf & Metcalf, P.C.
99 Park Avenue, 25th Floor
New York, NY 10016

35. Capital 7 has also emailed courtesy copies of all papers to counsel for Defendants.

36. I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief, and that the amounts herein are accurate and owed to the Plaintiff.

**WHEREFORE**, it is respectfully requested that the Court grant Plaintiff's application for a default judgment and deny Defendants' motions to vacate the entries of default against them.

Dated: Brooklyn, New York
March 12, 2021

                                              Respectfully Submitted,
                                              *Nicholas Bowers*
                                              Nicholas Bowers, Esq.