UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CAPITAL 7 FUNDING,                                         Docket No. 17-CV-02374

        *Plaintiffs*

    - against –

WINGFIEDL CAPITAL CORPORATION,
et al.,
    *Defendants*
-----------------------------------------------------------------X


<u>PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO
VACATE CERTIFICATES OF DEFAULT AGAINST THE METCALF
DEFENDANTS AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR
DEFAULT JUDGMENT</u>



GARY TSIRELMAN, PC
129 Livingston Street
2nd Floor
Brooklyn, NY 11201
(718) 438-1200
*Counsel for Plaintiff*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. iii

PRELIMINARY STATEMENT ........................................................... 1

STATEMENT OF FACTS .................................................................. 2

    I. Summary of Allegations ......................................................... 2

    II. Relevant Procedural History ................................................. 3

    III. Capital 7's Damages ............................................................ 4

ARGUMENT ...................................................................................... 4

    I. Legal Standards For The Motion and Cross-Motion ............. 4

    II. The Metcalf Defendants' Motion To Vacate Their Default Should Be Denied ............................................................................... 7

        A.   The Metcalf Defendants Failed to Plead or Otherwise Defend Against the Action After the Court Denied Their Motion to Dismiss the Second Amended Complaint ....................................................................................... 7

        B.   The Metcalf Defendants' Defaults Were Willful ..................... 7

        C.   The Metcalf Defendants Do Not Present a Potentially Meritorious Defense ................................................................................. 10

        D.   Plaintiff Would Suffer Substantial Prejudice If a Default Judgment is Not Entered Against the Metcalf Defendants ........................................... 12

    III. The Complaint Sets Forth Valid Claims For Relief ............. 14

    IV. Plaintiff is Entitled to Treble Damages ............................. 15

        A.   Defendants Are Jointly and Severally Liable ......................... 16

i

B.   Capital 7 is Entitled to Treble Damages and Expectation Damages Under the Civil RICO Statute ........................................................................17

C.   Capital 7 is Entitled to Prejudgment Interest ...........................................18

Conclusion ...........................................................................................................20

# TABLE OF AUTHORITIES

**Cases**

*Action S.A. v. Marc Rich & Co., Inc.*
951 F.2d 504 (2d Cir. 1991) ................................................................................................16

*Ainbinder v. Money Ctr. Fin. Grp., Inc.*
2013 WL 1335997 (E.D.N.Y. 2013), *report and recommendation adopted, Ainbinder v. Money Ctr. Fin. Group, Inc.*, 2013 WL 1335893 (E.D.NY. Mar. 25, 2013) ............5

*Allstate Ins. Co. v. Abramov*
No. 16-CV-1465-AMD-SJB, 2020 U.S. Dist. LEXIS 31347 (E.D.N.Y. Feb. 21, 2020) 16

*Allstate Ins. Co. v. Bogoraz*
No. 10-CV-5286 (SJF)(ETB), 2012 U.S. Dist. LEXIS 68110 (E.D.N.Y. May 9, 2012) 12

*Allstate Ins. Co. v. Howell*
No. 09 CV 4660 (RJD) (VVP), 2013 U.S. Dist. LEXIS 140759 (E.D.N.Y. Sep. 27, 2013) .........................................................................................................................17

*Allstate Ins. Co. v. Khaimov*
No. 11-CV-2391 (MKB) (JMA), 2013 U.S. Dist. LEXIS 184872 (E.D.N.Y. Nov. 18, 2013) .........................................................................................................................18

*Allstate Ins. Co. v. Nazarov*
2015 U.S. Dist. LEXIS 134481 (E.D.N.Y. May 19, 2015) ................................................16

*American Home Assurance Co. v. Morris Industrial Builders, Inc.*
597 N.Y.S.2d 27 (2d Dept. 1993) ......................................................................................19

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ...........................................................................................................15

*Au Bon Pain Corp. v. Artect, Inc.*
653 F.2d 61 (2d Cir. 1981) ...................................................................................................6

*AW Indus., Inc. v. Sleep Well Mattress, Inc.*
07-CV-3969 SLT JMA, 2009 WL 485186 (E.D.N.Y. Feb. 26, 2009) ..................................6

*Badian v. BrandAid Communs. Corp.*
2004 U.S. Dist. LEXIS 17404 (S.D.N.Y. Aug. 27, 2004) ..................................................13

*Baumgartner v. Salzman*
2009 WL 2998958 (E.D.N.Y. 2009)................................................................5

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007)....................................................................................15

*Boards of Trustees of Ins., Annuity, & Apprenticeship Training Funds of
    Sheetmetal Workers' Int'l Ass'n, Local Union No. 137 v. Frank Torrone & Sons,
    Inc.*
2014 WL 674098 (E.D.N.Y. 2014)..................................................................5

*Bounty Fresh, LLC v. J N.Y. Produce, Inc.*
12-CV-2415 (FB)(JO), 2014 WL 1010833 (E.D.N.Y. Mar. 14, 2014)..................14

*Circuito Cerrado, Inc. v. Morgalo Corp.*
10-CV-3338 (JS)(AKT), 2011 WL 3919411 (E.D.N.Y. July 29, 2011), *report and
    recommendation adopted*, 2011 WL 3919679 (E.D.N.Y. Sept. 7, 2011).............6

*City of N.Y. v. Mickalis Pawn Shop
LLC*, 645 F.3d 114 (2d Cir. 2011)...................................................................4

*Commercial Bank of Kuwait v. Rafidain Bank*
15 F.3d 238 (2d Cir. 1994)............................................................................12

*De Curtis v. Ferrandina*
529 F. App'x 85 (2d Cir. 2013)........................................................................8

*Dow Chem. Pacific Ltd. v. Rascator Maritime S.A.*
782 F.2d 329 (2d Cir. 1986)............................................................................8

*Enron Oil Corp. v. Diakuhara*
10 F.3d 90 (2d Cir. 1993)................................................................................5

*Fedex Techconnect, Inc. v. OTI, Inc.*
2013 U.S. Dist. LEXIS 139591 (S.D.N.Y. Sep. 23, 2013)..................................13

*Finkel v. Hall-Mark Elec. Supplies Corp.*
No. 07-CV-2376, 2011 U.S. Dist. LEXIS 76716 (E.D.N.Y. July 13, 2011)............8

*Finkel v. Romanowicz*
577 F.3d 79 (2d Cir. 2009)............................................................................14

*Fustok v. ContiCommodity Servs. Inc.*
873 F.2d 38 (2d Cir. 1989).................................................................................................15

*Gesualdi v. Reid*
198 F. Supp. 3d 211 (E.D.N.Y. 2016), *motion for relief from judgment denied sub nom. Gesualdi v. J.H. Reid, Gen. Contractor*, 14-CV-4212(ADS)(GRB), 2017 WL 752157 (E.D.N.Y. Feb. 27, 2017) ......................................................................... 6, 14

*Gonzaga Cortez v. Hang Lin*
No. 19 Civ. 0905 (LGS), 2019 U.S. Dist. LEXIS 153279 (S.D.N.Y. Sept. 9, 2019) ......10

*Gov't Employees Ins. Co. v. IAV Med. Supply, Inc.*
11-CV-4261 (ARR)(RER), 2013 WL 764735 (E.D.N.Y. Feb. 8, 2013), *report and recommendation adopted*, 2013 WL 765190 (E.D.N.Y. Feb. 28, 2013).......................18

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*
973 F.2d 155 (2d Cir. 1992)............................................................................................ 5, 6

*Hernandez v. La Cazuela de Mari Rest., Inc.*
538 F. Supp. 2d 528 (E.D.N.Y. 2007).................................................................................9

*In re ClassicStar Mare Lease Litig.*
727 F.3d 473 (6th Cir. 2013)............................................................................................18

*In re Merrill Lynch Ltd. P'ships Litig.*
154 F.3d 56 (2d Cir. 1998)................................................................................................17

*In re U.S. Foodservice Inc. Pricing Litig.*
729 F.3d 108 (2d Cir. 2013)..............................................................................................17

*Insituform Techs., LLC v. Liberty Mut. Ins. Co.*
No. 19-CV-6873 (CJS), 2020 U.S. Dist. LEXIS 248420 (W.D.N.Y. May 21, 2020)......11

*Kulwa v. Obiakor OB/GYN P.C.*
No. 12-CV-1868 (JG) (MDG), 2013 U.S. Dist. LEXIS 17785 (E.D.N.Y. Feb. 8, 2013) .8

*Lewis v. S.L. & E., Inc.*
831 F.2d 40 (2d Cir. 1987)................................................................................................19

*Lopez v. Mohammed*
No. 14-CV-4443 (PKC) (MDG), 2017 U.S. Dist. LEXIS 157819, 2017 WL 4277154 (E.D.N.Y. Sept. 26, 2017).................................................................................................10

*Mahoney v. Amekk Corp.*
14–CV-4131 (ENV)(VMS), 2016 WL 6585810 (E.D.N.Y. Sept. 30, 2016), *report and recommendation adopted*, 2016 WL 6601445 (E.D.N.Y. Nov. 7, 2016) ....................11

*Mun. Credit Union v. Queens Auto Mall, Inc.*
No. 14-CV-4895, 2014 WL 6870960 (E.D.N.Y. Dec. 5, 2014)...................................8

*Nemaizer v. Baker*
793 F.2d 58 (2d Cir. 1986)...................................................................................9

*New York v. Green*
420 F.3d 99 (2d Cir. 2005)...................................................................................4

*Pecarsky v. Galaxiworld.com Ltd.*
249 F.3d 167 (2d Cir. 2001) ...........................................................................5, 11

*Pennacchio v. Powers*
No. 05-CV-985, 2010 U.S. Dist. LEXIS 99067, 2010 WL 3767141(E.D.N.Y. Aug. 9, 2010) *report and recommendation adopted*, 2010 WL 3744052 (E.D.N.Y. Sept. 20, 2010) ..............................................................................................................8

*Rodriguez v. Almighty Cleaning, Inc.*
784 F. Supp. 2d 114 (E.D.N.Y. 2011).................................................................5

*S.E.C. v. McNulty*
137 F.3d 732 (2d Cir. 1998)...........................................................................5, 7

*Schwimmer v. Allstate Ins. Co.*
176 F.3d 648 (2d Cir. 1999)...............................................................................19

*SEC v. Razmilovic*
738 F.3d 14 (2d Cir. 2013)...................................................................................5

*State Farm Mut. Auto. Ins. Co. v. Cohan*
09-CV-2990 (JS), 2010 WL 890975 (E.D.N.Y. Mar. 8, 2010) aff'd, 409 F. App'x 453 (2d Cir. 2011)..................................................................................................18

*State Farm Mut. Auto. Ins. Co. v. Cohan*
409 F. App'x 453 (2d Cir. 2011)...........................................................................5

*Steinberg v. Sherman*
07-CV-1001 (WHP), 2008 WL 1968297 (S.D.N.Y. May 2, 2008).........................18

*Swarna v. Al-Awadi*, 622 F.3d 123 (2d Cir. 2010) ..........................................5, 12

vi

*Terwilliger v. Terwilliger*
206 F.3d 240 (2nd Cir. 2000) ................................................................18

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*
109 F.3d 105 (2d Cir. 1997) ..................................................................15

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*
109 F.3d 105 (2d Cir. 1997) ....................................................................6

*Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. C. Downing Enterprises LLC*
14-CV-323 (ADS)(AKT), 2015 WL 1042481 (E.D.N.Y. Mar. 10, 2015) ...........................12

*Trustees of Pavers & Rd. Builders Dist. Council Welfare, Pension, Annuity & Apprenticeship, Skill Improvement & Safety Funds v. Tri State Constr. & Masonry Corp.*
15-CV-6686 (RJD)(RER), 2017 WL 2559126 (E.D.N.Y. June 13, 2017) ...........................6

*Trustees v. Gib. Contracting*
No. 18-cv-3042 (RRM) (RER), 2020 U.S. Dist. LEXIS 199013 (E.D.N.Y. Oct. 23, 2020) ...................................................................................8

*U.S. v. Cirami*
535 F.2d 736 (2d Cir. 1976) ....................................................................9

*World Magic Int'l AVV v. Eddy Int'l, Ltd.*
2010 U.S. Dist. LEXIS 116962 (S.D.N.Y. Nov. 1, 2010) ........................................13

**Rules**
Federal Rule of Civil Procedure 12 ..............................................................9

Federal Rule of Civil Procedure 55 ........................................................passim

N.Y. C.P.L.R. § 5001 ..........................................................................19

N.Y. C.P.L.R. § 5004 ..........................................................................19

**Statute**
18 U.S.C. § 1962 ..............................................................................1

# PRELIMINARY STATEMENT

Plaintiff Capital 7 Funding respectfully submits this memorandum of law in opposition to the motion vacate the entries of default filed by Defendants Heath Wagenheim, Burgis Sethna, and Wingfield Capital Corporation ("Wingfield") (collectively the "Metcalf Defendants") and in support of its motion pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, together with any further relief the Court deems just and proper.

Capital 7 seeks a default judgment against the Metcalf Defendants on its causes of actions for violations of the RICO Act 18 U.S.C. § 1962(c) and (d), common law fraud, aiding and abetting common law fraud, unjust enrichment, breach of contract, and conversion, as set forth in the Second Amended Complaint ("Complaint") ¶¶425-75, filed at ECF No. 26.

The Metcalf Defendants filed a motion to dismiss that the Court subsequently denied and then failed to respond to the Complaint for more than six months. The Clerk of Court entered default against the Metcalf Defendants on July 27, 2020. Counsel for the Metcalf Defendants admits he was fully aware of the defaults and did nothing until January of 2021, when the Metcalf Defendants filed a motion to vacate the entries of default. The Metcalf Defendants' motion is devoid of any showing that their defaults were not willful, that they possess a meritorious defense, or that the delay has not prejudiced Plaintiff. For the reasons set fort below, the Court should deny the Metcalf Defendants' motion to vacate and grant Capital 7's motion for a default judgment against them.

1

## STATEMENT OF FACTS

### I. Summary of Allegations

This case revolves around Defendants' organized scheme to defraud Plaintiff through the operation of a joint venture between Plaintiff and Defendant Wingfield Capital Corporation ("Wingfield") organized as 3 Leaf Capital, LLC ("3 Leaf"), which Defendants induced Plaintiff to join.  3 Leaf purportedly operated as a purchaser of future receivables from companies needing to raise money in the short term. Compl. ¶27. 3 Leaf would provide its customer businesses with immediate payments of capital in exchange for a part of the customers' future receivables. Id. ¶28. In most cases, the customers would purportedly enter into an arrangement with 3 Leaf pursuant to which a portion of their daily credit or debit card receipts would automatically be electronically transferred each day into 3 Leaf's account, over which Defendants had control. Id.  ¶29. In some cases, the amounts were automatically deposited each day into Wingfield's account or a purported lockbox account over which Defendants had control. Id. ¶140.

Defendants Rabito, Wagenheim, and Laljie were all responsible for the day-to-day management of 3 Leaf, its staff, and its operations. Id.  ¶26. Although Defendants agreed to provide half of the start-up capital for 3 Leaf, Defendants never did so and relied entirely on Capital 7 to provide funds for each and every purported receivables purchase. Id. ¶¶24, 42. In all cases, Defendants asked Capital 7 to provide all necessary funds to purchase the receivables from purported customers. Id. ¶42. Many of the customers either did not exist or were paid kickbacks by Defendants to pose as legitimate customers. Id. ¶¶44-50.

2

Defendants concealed their fraud by allowing a portion of many customers'
automatic payments to be made into 3 Leaf's account, or by redirecting payments
into accounts under Defendants' control without informing Capital 7. Id. ¶51. In
other cases, defendants misrepresented that the customers had ceased payments
when, in reality, Defendants merely redirected the automatic payments into their
own accounts or received a direct kickback from the purported customer. Id. ¶¶44-
45. Defendants also induced Plaintiff to make payments to Defendants for phony
business costs and fees, particularly for independent sales organization ("ISO") fees
supposedly payable to an outside broker for each and every transaction with a
customer. Id. ¶47. Defendants at all times knew that 3 Leaf's actual purpose was to
be a vehicle for their scheme to defraud Plaintiff.

## II. Relevant Procedural History

Capital 7 initiated this action by filing its initial Complaint on April 20, 2017.
ECF No.1 Capital 7 subsequently filed a Second Amended Complaint on August 31,
2017. ECF 26. Pursuant to the Court's Order, Capital 7 filed a RICO Statement
with further details on February 1, 2018. ECF No.33. Defendants, including the
Metcalf Defendants, filed motions to dismiss on June 21, 2019. ECF No. 78-81. The
Court denied the Metcalf Defendants' motion to dismiss in its entirety on May 29,
2020. ECF No. 82. The parties attended a telephonic discovery scheduling
conference with Judge Tiscione on June 11, 2020. ECF No. 83. Thereafter,
Defendants failed to file answers to the Complaint. As a result, Capital 7 filed
requests for certificates of default against all Defendants on July 20, 2020. ECF

3

Nos. 84-88. The Clerk of Court entered defaults against all Defendants on July 27,

2020. ECF Nos. 89-93. Thereafter, the Metcalf Defendants did not file anything

with the Court until January 11, 2021, when they sought an extension of discovery

deadlines and requested the Court to set aside the entries of default. ECF Nos. 95

and 96. At no time between the June 11 discovery conference and their January 11

filings did counsel for the Metcalf Defendants attempt to contact counsel for Capital

7. Bowers Decl. ¶13.

### III. Capital 7's Damages

Capital 7 has filed the instant cross-motion for a default judgment to recover

the money Defendants and their accomplices stole from it, as well as treble damages

under the RICO act and prejudgment interest totaling $7,228,277.00. Bowers Decl.

¶26.

## ARGUMENT

### I. Legal Standards For The Motion and Cross-Motion

Federal Rule of Civil Procedure 55(a) provides for entry of a default judgment

"when a party against whom a judgment for affirmative relief is sought has failed to

plead or otherwise defend as provided by these rules." Rule 55 sets forth a two-step

process requiring an entry of default against the defaulting parties by the Clerk of

Court and then entry of default judgment, which ends the case. *City of N.Y. v.

Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v.

Green*, 420 F.3d 99, 104 (2d Cir. 2005)). Once the Clerk has entered a default

against a defendant, that defendant is deemed to have admitted the plaintiff's well-

pleaded allegations as to defendants' liability. *See SEC v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).

Courts considering a motion for default judgment consider three factors; (1) whether the default was willful; (2) whether the defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion. *See Boards of Trustees of Ins., Annuity, & Apprenticeship Training Funds of Sheetmetal Workers' Int'l Ass'n, Local Union No. 137 v. Frank Torrone & Sons, Inc.*, 2014 WL 674098 (E.D.N.Y. 2014) (citing *Swarna v. Al–Awadi*, 622 F.3d 123, 142 (2d Cir. 2010)); *Ainbinder v. Money Ctr. Fin. Grp., Inc.*, 2013 WL 1335997 at *4 (E.D.N.Y. 2013), *report and recommendation adopted*, *Ainbinder v. Money Ctr. Fin. Group, Inc.*, 2013 WL 1335893 (E.D.NY. Mar. 25, 2013); *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998); *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011); *Baumgartner v. Salzman*, 2009 WL 2998958 (E.D.N.Y. 2009). These three factors are identical to the factors courts consider when vacating entries of default for good cause. *See State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 F. App'x 453, 455 (2d Cir. 2011) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)); *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170-171 (2d Cir. 2001).

The movant must establish that the damages it seeks relate to and flow from the injuries pleaded. *See Gesualdi v. Reid*, 198 F. Supp. 3d 211, 218 (E.D.N.Y. 2016), *motion for relief from judgment denied sub nom. Gesualdi v. J.H. Reid, Gen.*

5

*Contractor*, 14-CV-4212(ADS)(GRB), 2017 WL 752157 (E.D.N.Y. Feb. 27, 2017);

*Circuito Cerrado, Inc. v. Morgalo Corp.*, 10-CV-3338 (JS)(AKT), 2011 WL 3919411,

at *4 (E.D.N.Y. July 29, 2011), *report and recommendation adopted*, 2011 WL

3919679 (E.D.N.Y. Sept. 7, 2011). Movant need only to show "that the compensation

sought relate[s] to the damages that naturally flow from the injuries pleaded."

*Circuito Cerrado, Inc.*, 2011 WL 3919411, at *4; (citing *Greyhound Exhibitgroup,*

*Inc.*, 973 F.2d at 159 (2d Cir. 1992)); *see also Gesualdi*, 198 F. Supp. 3d at 218. The

"moving party is entitled to all reasonable inferences from the evidence it offers.

*Circuito Cerrado, Inc.*, 2011 WL 3919411, at *4 (citing *Au Bon Pain Corp. v. Artect,*

*Inc.,* 653 F.2d 61, 64 (2d Cir. 1981)).

Although courts may find it appropriate to conduct a hearing in order to

determine the amount of damages, the Second Circuit has long held that such a

hearing is not required when the motion for a default judgment is accompanied by a

basis for the damages sought, including detailed affidavits or other documentary

evidence. *See AW Indus., Inc. v. Sleep Well Mattress, Inc.*, 07-CV-3969 SLT JMA,

2009 WL 485186, at *3 (E.D.N.Y. Feb. 26, 2009) (citing *Transatlantic Marine*

*Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111

(2d Cir. 1997)*; see also Trustees of Pavers & Rd. Builders Dist. Council Welfare,*

*Pension, Annuity & Apprenticeship, Skill Improvement & Safety Funds v. Tri State*

*Constr. & Masonry Corp.*, 15-CV-6686 (RJD)(RER), 2017 WL 2559126, at *3

(E.D.N.Y. June 13, 2017).

## II. The Metcalf Defendants' Motion To Vacate Their Default Should Be Denied

### A.    The Metcalf Defendants Failed to Plead or Otherwise Defend Against the Action After the Court Denied Their Motion to Dismiss the Second Amended Complaint

As set forth above, Rule 55(a) of the Federal Rules of Civil Procedure provides for the entry of default when a party fails to plead or otherwise defend against an action. Here, the Metcalf Defendants initially filed a motion to dismiss the Second Amended Complaint on June 19, 2019, which the Court substantially denied in an Order on May 29, 2020. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), the Metcalf Defendants' responsive pleading to the remaining claims was due filed or served on June 15, 2020. The Metcalf Defendants failed to file an answer or other pleading by that date. On July 20, 2020, Plaintiff sought entries of default against the Metcalf Defendants, which the Clerk of Court entered on July 27, 2020. ECF Nos. 89, 90, and 93. The Metcalf Defendants did not contact Plaintiff's counsel or file any papers with the Court in this matter until January 11, 2021, just shy of seven months after their answer was due.

### B.    The Metcalf Defendants' Defaults Were Willful

It is well-settled in the Second Circuit that a defendant's failure to respond to a properly served pleading amounts to a willful default. Courts "find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *McNulty*, 137 F.3d at 738. A default may also be willful if the delay would advance the defaulting party's interests, even if such an interest is only "delaying the day when [the defaulting party] ha[s] to address the allegations levied against [it]." *Kulwa v. Obiakor OB/GYN P.C.*, No. 12-CV-1868

7

(JG) (MDG), 2013 U.S. Dist. LEXIS 17785, at *10 (E.D.N.Y. Feb. 8, 2013).
Furthermore, "timeliness informs the court's understanding of whether the default
was willful." *Trustees v. Gib. Contracting*, No. 18-cv-3042 (RRM) (RER), 2020 U.S.
Dist. LEXIS 199013, at *16 (E.D.N.Y. Oct. 23, 2020)(finding a five-month delay
from the time defendant's answer was due to filing the motion to vacate established
willfulness)(collecting cases); *see also Dow Chem. Pacific Ltd. v. Rascator Maritime
S.A.*, 782 F.2d 329 (2d Cir. 1986) (upholding district court's refusal to vacate where
motion to vacate entry of default was not made until seven months after default).
Counsel's willful conduct is imputed to the party if the party "makes no showing
that he has made any attempt to monitor counsel's handling of the lawsuit."
*McNulty*, 137 F.3d at 740; *Finkel v. Hall-Mark Elec. Supplies Corp.*, No. 07-CV-
2376, 2011 U.S. Dist. LEXIS 76716, at *3 (E.D.N.Y. July 13, 2011) ("An attorney's
conduct in defaulting is imputed to her clients").

Willfulness by itself justifies denial of a motion to vacate a default;
"willfulness is preeminent, and a willful default will not normally be set aside."
*Pennacchio v. Powers*, No. 05-CV-985, 2010 U.S. Dist. LEXIS 99067, 2010 WL
3767141, at *3 (E.D.N.Y. Aug. 9, 2010) (internal quotation marks and citation
omitted) *report and recommendation adopted*, 2010 U.S. Dist. LEXIS 99063, 2010
WL 3744052, at *3 (E.D.N.Y. Sept. 20, 2010); *Mun. Credit Union v. Queens Auto
Mall, Inc.*, No. 14-CV-4895, 2014 WL 6870960, at *1 (E.D.N.Y. Dec. 5, 2014)
("Usually, the factor that carries the most weight is whether the default was
willful." (citing *De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013)).

8

Here the Metcalf Defendants waited six months after the entries of default were filed to make their motion to vacate. Counsel for the Metcalf Defendants admits that he was notified when Plaintiff's filed the requests for certificates of default. Metcalf Memo. at 9. Counsel claims that he was not aware that the Metcalf Defendants had not filed an answer prior to his retention despite his drafting and filing of a pre-answer motion to dismiss under Federal Rule of Civil Procedure 12(b1) and (b6). ECF No. 78. Federal Rule of Civil procedure 12(b) is explicit that any motion made under it "must be made before pleading if a responsive pleading is allowed." Counsel's claim that he did not realize an answer had never been filed despite drafting an explicit pre-answer motion to dismiss is incredible.

In a similar context when parties seek to vacate a final judgment, "ignorance of the law or of the rules of the court, or his inability to efficiently manage his caseload" does not amount to excusable neglect justifying vacating the default. *Hernandez v. La Cazuela de Mari Rest., Inc.*, 538 F. Supp. 2d 528, 536-37 (E.D.N.Y. 2007) (citing *U.S. v. Cirami*, 535 F.2d 736, 739  (2d Cir. 1976)). The underlying reasoning behind binding a party based on its counsel's failure is that "a person who selects counsel cannot thereafter avoid the consequences of the agent's acts or omissions." *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986). Here, the Metcalf Defendants have chosen opposing counsel and counsel failed to submit a timely answer despite having filed and substantially lost a motion to dismiss based on mandatory pre-answer defenses under the Federal Rules. Counsel's apparent ignorance that his motion could have only been filed prior to an answer and

9

subsequent failure to answer after the motion was substantially denied does not excuse this failure.

The Metcalf Defendant's six-month delay in answering and filing the motion to vacate itself demonstrates that the delay was willful. "Timeliness informs the court's understanding of whether the default was willful." *Trustees v. Gib. Contracting*, No. 18-cv-3042 (RRM) (RER), 2020 U.S. Dist. LEXIS 199013, at *16 (E.D.N.Y. Oct. 23, 2020) (citing *Lopez v. Mohammed*, No. 14-CV-4443 (PKC) (MDG), 2017 U.S. Dist. LEXIS 157819, 2017 WL 4277154, at *10 (E.D.N.Y. Sept. 26, 2017)). Courts in the Eastern District of New York have found that delays of as little as two months support a court's finding that default was willful. *See, e.g., Gonzaga Cortez v. Hang Lin*, No. 19 Civ. 0905 (LGS), 2019 U.S. Dist. LEXIS 153279, 2019 WL 4256363, at *4 (S.D.N.Y. Sept. 9, 2019).  Here, the Metcalf Defendants fail to explain why counsel did not contact Plaintiff's counsel or the Court until January 11, 2021. The Metcalf Defendants merely state that their counsel's firm had experienced disruptions due the COVID-19 pandemic without stating specifically how those disruptions contributed to counsel's inability to answer, contact Plaintiff's counsel, or move to vacate until January 2021. Metcalf Memo. at 9-10.

**C.      The Metcalf Defendants Do Not Present a Potentially Meritorious Defense**

The Metcalf Defendants present no defense in their papers other than a reference to their pre-answer motion to dismiss and that they have engaged in discovery. Metcalf Memo. at 7 and 9-10. A party seeking to establish a meritorious defense "'must present more than conclusory denials'" to substantiate that defense. *Insituform Techs., LLC v. Liberty Mut. Ins. Co.*, No. 19-CV-6873 (CJS), 2020 U.S. Dist. LEXIS 248420, at *9 (W.D.N.Y. May 21, 2020) (quoting *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 173 (2nd Cir. 2001)). The Metcalf Defendantsonly proffered defenses in their motion to dismiss based on theories that the Court lacked subject matter jurisdiction and that Capital 7 failed to state a claim upon which relief could be granted.[1] ECF No. 78-1. The Court rejected these defenses and denied the Metcalf Defendants' motion in its entirety. ECF No. 82. The Metcalf Defendants' failure to submit any evidence, documents, or theories sufficient to demonstrate a possible meritorious defense weighs heavily in favor of denial of their motion to vacate.

Capital 7 need not submit any further documents or evidence to establish the Metcalf Defendants' lack of a meritorious defense because a defendant's failure to establish a meritorious defense is sufficient to establish such lack when a plaintiff seeks default judgment. *See, e.g., Mahoney v. Amekk Corp.*, 14–CV-4131 (ENV)(VMS), 2016 WL 6585810, at *6 (E.D.N.Y. Sept. 30, 2016), *report and recommendation adopted*, 2016 WL 6601445 (E.D.N.Y. Nov. 7, 2016); *Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation,*

---

[1] The Metcalf Defendants also requested that Plaintiff's counsel be disqualified, though that is not a defense to Plaintiff's claims.

*Pension & Welfare Funds v. C. Downing Enterprises LLC,* 14-CV-323 (ADS)(AKT), 2015 WL 1042481, at *6 (E.D.N.Y. Mar. 10, 2015). The Metcalf Defendants' failure to answer despite notice of the suit and of the denial of their pre-answer motion establish the lack of a meritorious defense sufficient to warrant a default judgment.

### D. Plaintiff Would Suffer Substantial Prejudice If a Default Judgment is Not Entered Against the Metcalf Defendants

Capital 7 will suffer substantial prejudice should a default not be entered against Defendants. As a threshold matter, since Plaintiffs have established that Defaulted Defendants' defaults were willful, and that Defaulted Defendants do not have any meritorious defenses, a strong showing of prejudice is not necessary. *See Allstate Ins. Co. v. Bogoraz*, No. 10-CV-5286 (SJF)(ETB), 2012 U.S. Dist. LEXIS 68110, at *15 (E.D.N.Y. May 9, 2012) (citing *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 244 (2d Cir. 1994)). In any event, the facts demonstrate that Capital 7 would be prejudiced if default judgment were not entered against Defendants.

When determining whether a party may be prejudiced by grant of a motion to vacate, courts in the Second Circuit consider "the effect of the delay caused by the defendant's default, such as thwarting plaintiff's recovery or remedy . . . resulting in the loss of evidence, creating increased difficulties of discovery, or providing greater opportunity for fraud and collusion." *Swarna v. Al-Awadi*, 622 F.3d 123, 142 (2d Cir. 2010). Here, Capital 7 would be prejudiced by the length of time that has passed since the default and since the inception of this case. Allowing Defendants to vacate

their defaults would result in "delay and, consequently, additional fading of witness memories and loss of evidence." *World Magic Int'l AVV v. Eddy Int'l, Ltd.*, 2010 U.S. Dist. LEXIS 116962, at *5-6 (S.D.N.Y. Nov. 1, 2010); *see also Badian v. BrandAid Communs. Corp.*, 2004 U.S. Dist. LEXIS 17404, at *10 (S.D.N.Y. Aug. 27, 2004)(finding that further delay in a case that had been pending sixteen months amounted to prejudice to plaintiffs because, in part, the memories of available witnesses had faded). Although the Court allowed discovery prior to the Court's decision on Defendants' motions to dismiss, such discovery was to be limited. ECF No. 71. Defendants promptly defaulted upon the denial of their motions to dismiss. Plaintiff has not had a chance to serve or receive full discovery requests of the Defendants or to conduct depositions of them.

Furthermore, given the nature of the allegations in this case regarding hiding funds and laundering money, any further delay would prejudice Capital 7 by allowing Defendants further opportunity to hide their assets and move money to evade a judgment. *See Fedex Techconnect, Inc. v. OTI, Inc.*, 2013 U.S. Dist. LEXIS 139591, at *33 (S.D.N.Y. Sep. 23, 2013) (finding that vacating the judgment would prejudice plaintiff by providing defendant further opportunity to hide its assets or evade paying its debts). Capital 7 has demonstrated actual prejudice should the entries of default be vacated or its motion for default judgment be denied.

Defendants' willful defaults, lack of meritorious defenses, and the prejudice to Capital 7 should its motion be denied establish that Defendants' motions must be

13

denied and that Capital 7 has satisfied its burden under Rule 55(a) necessary to warrant a default judgment.

### III. The Complaint Sets Forth Valid Claims For Relief

Once a party has established that the defaulting parties' defaults were willful, that the defaulting parties do not possess a meritorious defense, and that the movant would be prejudiced if the instant motion were denied, the Court must determine if Plaintiffs' allegations as set forth in the Complaint state valid claims. *Gesualdi*, 198 F.Supp. 3d at 217 ("[w]ith respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action"); *Bounty Fresh, LLC v. J N.Y. Produce, Inc.*, 12-CV-2415 (FB)(JO), 2014 WL 1010833, at *2 (E.D.N.Y. Mar. 14, 2014) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (same)). The standard for a movant to establish liability on a motion for default judgment is similar to the standard for a complaint to survive a Rule 12(b)(6) motion to dismiss because both require that the complaint be well-pleaded sufficient to establish the defendant's liability; "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face" and "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

14

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).

Here, the Court has already determined that Capital 7's Second Amended Complaint is sufficiently well-pleaded to establish Defendants' liability for violations of the RICO Act, common law fraud, common law aiding and abetting fraud, common law conversion, and common law unjust enrichment sufficient to survive a pre-answer motion to dismiss. ECF 82. Plaintiff has therefore previously demonstrated Defendants' liability sufficient to warrant a default judgment against Defendants.

## IV. Plaintiff is Entitled to Treble Damages

Having established that the Complaint sufficiently states valid causes of action under Capital 7's claims sounding RICO, common law fraud, common law aiding and abetting fraud, common law conversion, and common law unjust enrichment, and that Capital 7 is entitled to Default Judgment because Defendants' defaults were willful, Defendants' possess no meritorious defenses, and to hold otherwise would prejudice Capital 7 given the circumstances of the case, the Court need only determine the calculation of damages. Capital 7 has pleaded sufficient facts to establish Defendants' liability as a matter of law, the Court may determine damages based on the submission of supporting affidavits or declarations. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 11 (2d Cir. 1997); *see also Fustok v. ContiCommodity Servs. Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (holding that a court "may, but need not" hold a hearing as to damages

15

and "may rely on detailed affidavits or documentary evidence" to establish the appropriate damages to award); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991)("[Rule 55 (b)(2)] does not require the district judge conduct a hearing . . . . [W]e have upheld an award of damages where 'the district court relied upon detailed affidavits and documentary evidence.'") (quoting *Fustok*, 873 F.2d at 40).

Capital 7 submits the declaration of Farid Peysakhov, a principal of Capital 7, which establishes the amounts Capital 7 paid to Defendants, the amount Defendants repaid, and the amounts Defendants had promised to repay. Capital 7 also attaches a spreadsheet setting forth the amounts paid to Defendants for each purported agreement with each purported customer for which any amount remains outstanding. *See* Bowers Decl. Exhibit 1.

### A.   Defendants Are Jointly and Severally Liable

The Defendants are jointly and severally liable under Plaintiff's RICO causes of action.  *See Allstate Ins. Co. v. Abramov,* No. 16-CV-1465-AMD-SJB, 2020 U.S. Dist. LEXIS 31347, at *25 (E.D.N.Y. Feb. 21, 2020) (holding that RICO defendants can be jointly and severally liable for the damages arising out of the enterprises with which they were associated); *Allstate Ins. Co. v. Nazarov*, 2015 U.S. Dist. LEXIS 134481, at *48 (E.D.N.Y. May 19, 2015) (same) (collecting cases). Here, all Defendants were associated with the 3 Leaf RICO enterprise and must be held jointly and severally liable for all the resulting RICO damages. As set forth in the

16

Peysakhov Declaration, Capital 7 paid Defendants a total of $2,539,299.00 based on their misrepresentations that the funds would be used to purchase receivables from 3 Leaf's purported customers. Peysakhov Decl. ¶12. Capital 7 further paid Defendants a total of $253,920.00 in sham ISO fees, *Id.* Defendants repaid Capital 7 only $1,619,881.00. Furthermore, Defendants had promised Capital 7 a total return of $3,517,234.00. *Id.* at ¶13.

**B.      Capital 7 is Entitled to Treble Damages and Expectation Damages Under the Civil RICO Statute**

Pursuant to the RICO statute, Capital 7 is entitled to treble damages on its RICO claims. 18 U.S.C. § 1964 (c) (a person injured by RICO violation may sue for "threefold the damages he sustains"). This applied even when the defendants default. *Allstate Ins. Co. v. Howell*, No. 09 CV 4660 (RJD) (VVP), 2013 U.S. Dist. LEXIS 140759, at *1 (E.D.N.Y. Sep. 27, 2013). Furthermore, when a RICO cause of action is based on defendants' promise of a return of a sum certain that defendants had no intention of keeping, expectation damages based on the sum certain are proper rather than the amount plaintiff paid to the defendant. *See e.g., In re U.S. Foodservice Inc. Pricing Litig.,* 729 F.3d 108, 122-23 (2d Cir. 2013) (holding that plaintiffs who had entered into agreements that purportedly entitled them to pricing discounts but were in fact fraudulently overcharged by the defendants had stated RICO injury in the form of the overpayment); *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56 (2d Cir. 1998) (holding that plaintiffs who had invested in a real estate partnership with guaranteed yields which the defendants knew could

17

not be achieved had stated a RICO injury for the amount of return that they had been guaranteed).

### C.      Capital 7 is Entitled to Prejudgment Interest

Capital 7 is entitled to pre-judgment interest against the Defendants on its claims, including its RICO claims predicated on fraud. *See Gov't Employees Ins. Co. v. IAV Med. Supply, Inc.,* 11-CV-4261 (ARR)(RER), 2013 WL 764735, at \*8-9 (E.D.N.Y. Feb. 8, 2013), *report and recommendation adopted*, 2013 WL 765190 (E.D.N.Y. Feb. 28, 2013) (awarding prejudgment interest on common law claims); *State Farm Mut. Auto. Ins. Co. v. Cohan*, 09-CV-2990 (JS), 2010 WL 890975 (E.D.N.Y. Mar. 8, 2010) aff'd, 409 F. App'x 453 (2d Cir. 2011) (awarding prejudgment interest on common law fraud and unjust enrichment claims); *Steinberg v. Sherman*, 07-CV-1001 (WHP), 2008 WL 1968297, at \*5 (S.D.N.Y. May 2, 2008) ("Causes of action such as . . . unjust enrichment qualify for the recovery of prejudgment interest"). Although the RICO statute is silent on prejudgment interest, courts in the Second Circuit have held the decision to award pre-judgment interest for RICO claims lies within the "sound discretion of the court." *Allstate Ins. Co. v. Khaimov,* No. 11-CV-2391 (MKB) (JMA), 2013 U.S. Dist. LEXIS 184872, at \*22 (E.D.N.Y. Nov. 18, 2013) (citing *In re ClassicStar Mare Lease Litig.*, 727 F.3d 473, 495 (6th Cir. 2013)).

The award of prejudgment interest is a substantive issue, governed here by the state substantive law of the forum state in which the federal court sits, namely New York law. *See Terwilliger v. Terwilliger,* 206 F.3d 240, 249 (2nd Cir. 2000)*;*

*Schwimmer v. Allstate Ins. Co.,* 176 F.3d 648, 650 (2d Cir. 1999). The source of the right to pre-judgment interest in New York is set forth in N.Y. C.P.L.R. § 5001. Specifically, C.P.L.R. § 5001(b) states that "[i]nterest shall be computed from the earliest ascertainable date the cause of action existed". Furthermore, prejudgment interest is calculated at the non-compounded rate of nine percent per annum. N.Y. C.P.L.R. §§ 5001(a), 5004.

Capital 7 suggests for ease of calculation that prejudgment interest be calculated from the first day of the year following the last payment Capital 7 made to Defendants, that is January 1, 2018. *See, e.g., American Home Assurance Co. v. Morris Industrial Builders, Inc.,* 192 A.D.2d 477, 597 N.Y.S.2d 27, 28 (2d Dept. 1993) (applying pre-judgment interest according to dates when payments made by insurer to its insured). This method is consistent with the purpose of pre-judgment interest, which is to "compensate plaintiffs for the use of funds that were wrongfully diverted by the defendant." *Lewis v. S.L. & E., Inc.,* 831 F.2d 40 (2d Cir. 1987).

Capital 7's proposed calculation is more conservative than the maximum allowed by the C.P.L.R., and totals $390,721.89. Capital 7 thus seeks a total judgment against Defendants of $7,228,277.00 under the RICO act. This amount consists in part of $1,897,353.00 in expectation damages plus $253,920 paid in fraudulent ISO fees trebled to $6,453,819.00 before prejudgment interest. *See* Bowers Decl. ¶26. To this amount is added $774,458.28 in prejudgment interest, calculated by adding the total expectation damages to the fraudulent ISO fees,

19

which is $2,151,273.00, and calculating four years of 9% pre-judgment non-compounded interest per year based on that sum. *Id.*

Capital 7 reserves its right to request additional attorney's fees under 18 U.S.C. § 1964(c) in a separate application after any subsequent litigation is complete.

## Conclusion

Based on the foregoing, Defendants' motions to vacate their entries of default should be denied and Capital 7's cross-motion for default judgment should be grant as set forth above.

Dated: Brooklyn, NY
March 12, 2021

GARY TSIRELMAN, P.C.
BY: */s/ Nicholas Bowers*
   *Nicholas Bowers*
Nicholas Bowers, Esq.
Gary Tsirelman, Esq.
129 Livingston Street
2nd and 3rd Floors
Brooklyn, NY  11201
(718)438-1200

20