

129 LIVINGSTON STREET
SECOND & THIRD FLOORS
BROOKLYN, NY 11201
T: (718) 438-1200 • F: (718) 438-8883
nbowers@gtmdjd.com

July 13, 2021

The Honorable Steven Tiscione
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

**Re:  Capital 7 Funding v. Wingfield Capital Corp., et al., Case # 1:17-cv-2374-RRM-ST; Motion to Compel Document Production From the Wingfield Defendants**

Dear Judge Tiscione:

We submit this motion pursuant to Local Rule 37.3(c) on behalf of Plaintiff Capital 7 Funding ("Capital 7") to compel the production of unredacted documents responsive to Plaintiff's Second Document Production Demands from Defendants Heath Wagenheim, Burgis Sethna, and Wingfield Capital Corp. ("Wingfield Defendants"). Copies of Plaintiff's requests for documents are attached hereto as Exhibit "A." A copy of Defendants' response is attached as Exhibit "B."

**I. Background**

Plaintiff has described in detail how Defendants conducted a scheme to defraud Plaintiff in the Second Amended Complaint ("Complaint"). Defendants' perpetrated their fraud through the operation of a joint venture between Plaintiff and Defendant Wingfield Capital Corporation ("Wingfield") organized as 3 Leaf Capital, LLC ("Three Leaf") , which Defendants induced Plaintiff to join. Defendants purportedly operated Three Leaf as a purchaser of future receivables from companies needing to raise money in the short term. Three Leaf would provide its customer businesses with immediate payments of capital in exchange for a part of the customers' future receivables. In most cases, the customers would purportedly enter into an arrangement with Three Leaf pursuant to which a portion of their daily credit or debit card receipts would automatically be electronically transferred each day into Three Leaf's account, over which Defendants had control. In some cases, the amounts were automatically deposited each day into Wingfield's account or a purported lockbox account over which Defendants had control. In all cases,

Defendants asked Plaintiff to provide all necessary funds to purchase the receivables from purported customers. Some of the customers either did not exist or were paid kickbacks by Defendants to pose as legitimate customers.

Defendants concealed their fraud by allowing a portion of many customers' automatic payments to be made into Three Leaf's account, or by redirecting payments into accounts under Defendants' control without informing Plaintiff. In other cases, Defendants misrepresented that the customers had ceased payments when, in reality, Defendants merely redirected the automatic payments into their own accounts or received a direct kickback from the purported customer. Plaintiff has sought discovery from the Wingfield Defendants regarding Three Leaf's transactions with its purported customers, including the identity of the persons who acted on behalf of any such customers and the details of any agreements between Three Leaf and its purported customers.

## II. Plaintiff's Requests for Documents

Plaintiff requested, among other things, production of: (1) "Documents sufficient to identify any customer or client of 3 Leaf" at Document Request 14 and (2) "Documents sufficient to identify any agreement between any person or entity and 3 Leaf" at Document Request 15. In the Instructions and Definitions section of the Document requests, Plaintiff defined "identify" to include information identifying "each author, addressee, recipient, and custodian of such document." Exhibit "A" at 2-3. In the same section, Plaintiff further defines that any identification of a person includes "the person's full name, present or last known physical address, e-mail address and telephone number, current job title, and the present or last known place of employment." Id.

Defendants have produced agreements between 3 Leaf and its purported customers with redactions, including the addresses and contact information of the persons who signed the agreements on behalf of the purported customers and information identifying the bank accounts involved in the purported customers' transactions with 3 Leaf. The Wingfield Defendants have never put forth any reason for these redactions. Defendants' objections to Requests 14 and 15 did not include any reference to the redacted information or any justification for the redactions; Defendants only objected to these demands as "vague, ambiguous, and duplicative, specifically with respect to the '[d]ocuments sufficient to identify' because there is no universal understanding of what might be deemed 'sufficient' by Plaintiffs." Exhibit B at 15. As set forth above, Plaintiff clearly requested the agreements themselves without redactions and explicitly requested the contact information regarding the representatives of Three Leaf's purported customers who signed the agreements.

Plaintiff has attempted to contact counsel for the Wingfield Defendants multiple times since the Court denied their motion to dismiss the Complaint, as detailed more fully in Plaintiff's letter to the Court regarding Defendants' dilatory conduct in briefing the pending motions to vacate and for a default judgment, counsel for the Wingfield Defendants repeatedly failed to return any calls or emails sent by Plaintiff's counsel since February 2021. ECF No. 104 at 1-2. Counsel for the Wingfield Defendants responded for the first time on June 30, when Plaintiff's counsel requested the unredacted documents during a telephone call. At that time, counsel agreed to produce the unredacted documents as soon as possible. The undersigned again contacted counsel for the Wingfield Defendants on July 7 to request unredacted copies of the agreements and counsel again reiterated that he would produce the unredacted documents as soon as he was able without providing a date certain. Counsel for the Wingfield Defendants attributes the delay to his wife recently giving birth. This does not explain counsel's prior failure to return calls or respond to any emails sent by the undersigned between February and June 30. The Wingfield Defendants have not yet produced the unredacted documents.

The redacted information is material and relevant to this action and producing the unredacted documents is proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1); see United States ex rel. Rubar v. Hayner Hoyt Corp., 2018 U.S. Dist. LEXIS 158824 (E.D.N.Y. 2018). "Relevance is … to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." This Court has also generally favored the disclosure of information that will "assist plaintiffs in identifying more fully the nature and scope of the alleged fraud scheme and in gathering admissible evidence at trial." State Farm Mutual Auto. Ins. Co. et al. v. Eastern Med., P.C., et al., Docket No. CV 05-3804 (ENV)(RML), March 21, 2007 Minute Entry. Here, the redacted information will primarily allow Plaintiff to conduct further third party discovery regarding the role of each purported customer of Three Leaf in Defendants' scheme to defraud Plaintiff. Specifically, the contact information will greatly assist Plaintiff in issuing subpoenas to the people who signed the agreements with Three Leaf on behalf of its purported customers and the bank information will allow Plaintiff to subpoena the bank accounts from which the purported customers' receipts were transferred to Three Leaf or Defendants and to check the account information against records already produced by other parties. All of the redacted information will assist Plaintiff in identifying the full scope of Defendants' scheme and to gather evidence for trial.

Plaintiff respectfully requests that the Court issue an Order compelling Defendants to provide unredacted copies of the documents it produced to Plaintiff,

including the agreements between Three Leaf and its purported customers. We appreciate the Court's attention to this matter.

      Thank you for your consideration of this letter

                                        Respectfully,

                                        __/s/_____
                                        Nicholas Bowers, Esq.
                                        *Counsel for Plaintiff*
                                        Gary Tsirelman P.C.
                                        129 Livingston, 2nd Floor
                                        Brooklyn NY 11201

cc: All counsel via ECF