

129 Livingston Street
Second & Third Floors
Brooklyn, NY 11201
T: (718) 438-1200 • F: (718) 438-8883
nbowers@gtmdjd.com

February 28, 2022

The Honorable Steven Tiscione
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

**Re:  Capital 7 Funding v. Wingfield Capital Corp., et al., Case # 1:17-cv-2374-RRM-ST; Motion to Compel Discovery**

Dear Judge Tiscione:

We submit this motion pursuant to Local Rule 37.3(c) on behalf of Plaintiff Capital 7 Funding ("Capital 7") to compel Defendants Heath Wagenheim, Burgis Sethna, and Wingfield Capital Corp. ("Wingfield Defendants") to respond to Capital 7's discovery requests for documents served on December 22, 2021. Copies of the relevant requests for documents are attached hereto as Exhibit "A."

## I. Background and Discovery Delays by Defendants

Capital 7 has detailed Defendants' fraudulent scheme at length in the Second Amended Complaint ("Complaint"). In brief, Defendants organized a scheme to defraud Capital 7 through the operation of a joint venture, named 3 Leaf Capital, LLC ("3 Leaf"), between Capital 7 and Defendant Wingfield Capital Corporation ("Wingfield"). Defendants claimed that they would bring operational expertise to 3 Leaf and would oversee day-to-day operations of the joint venture. 3 Leaf purportedly operated under Defendants' direction as a purchaser of future receivables from companies needing to raise money in the short term. 3 Leaf would provide its customer businesses with immediate payments of capital in exchange for a part of the customers' future receivables. In most cases, the customers would purportedly enter into an arrangement with 3 Leaf pursuant to which a portion of their daily credit or debit card receipts would automatically be electronically transferred each day into 3 Leaf's account, over which Defendants had control. In some cases, the amounts were automatically deposited each day into Wingfield's account or a purported lockbox account over which Defendants had control. In all cases, Defendants induced Capital 7 to provide all necessary funds to purchase the

receivables from purported customers. Defendants used their domination of the 3 Leaf joint venture to steal money from Capital 7 in four main ways. First, Defendants claimed every agreement with a customer required payment of an independent sales organization ("ISO") fee from Capital 7 when, in fact, Defendants kept the fee for themselves. Second, Defendants redirected payments from legitimate customers into accounts under their own control. Third, Defendants presented sham customers to Capital 7 that either did not exist or, in some cases, entered into verbal agreements with Defendants in which the sham customer and Defendants split any money paid by Capital 7 to purchase receivables. Fourth, Defendants seized control of the bank accounts held by the joint venture and prevented Capital 7 from accessing them.

Defendants concealed their fraud by allowing a portion of many customers' automatic payments to be made into 3 Leaf's account, or by redirecting payments into accounts under Defendants' control without informing Capital 7. In other cases, defendants misrepresented that the customers had ceased payments when, in reality, Defendants merely redirected the automatic payments into their own accounts or received a direct kickback from the purported customer. Based on these and other allegations set forth in the Complaint, Capital 7 has raised civil RICO, common law fraud, breach of contract, and unjust enrichment claims, *inter alia*, against Defendants. Capital 7 has sought discovery relevant to these claims from Wingfield Defendants.

Wingfield Defendants have been consistently dilatory in their discovery responses and court filings. Capital 7 first served discovery on Wingfield Defendants' prior counsel in November of 2018, which prompted Wingfield Defendants to seek a stay of discovery pending an anticipated motion to dismiss. ECF No. 68. The Court denied the request to stay discovery on January 28, 2019 but ordered the parties to confer and limit discovery while to motion was pending to that which might help with settlement discussions. ECF No. 71. Capital 7 subsequently served a second set of limited demands on Defendants on February 5, 2019. The Wingfield Defendants did not provide any responses to the limited second set of demands until October 25, 2019.

On May 29, 2020, the Court denied the Wingfield Defendants' motion to dismiss in its entirety. ECF No. 82. The Defendants subsequently failed to timely serve any answer to the Complaint and the Clerk entered defaults against them on July 27, 2020. ECF Nos. 89, 90, and 93. Defendants were unresponsive to Capital 7's attempts to contact them until January of 2021, when Defendants sought an extension of the discovery deadline and vacate the defaults entered against them. Capital 7 subsequently filed a motion to compel Wingfield Defendants to produce

unredacted documents after Wingfield Defendants failed to respond to Capital 7's attempts to contact them for several months. *See* ECF No. 110.

Capital 7 served the current set of discovery demands on the Wingfield Defendants on December 22, 2021. Capital 7 contacted Wingfield Defendants on February 9, 2022, to ask Defendants if their discovery responses were forthcoming and to schedule a call with counsel to confer on the delay, at which time counsel reminded Wingfield Defendants of the concerns the Court raised at the conference held on February 4, 2022 regarding the progress of discovery. The Wingfield Defendants did not respond. On February 18, the undersigned again sent an electronic mail message to counsel for the Wingfield Defendants to schedule a meet-and-confer call. Counsel for the Wingfield Defendants responded this time and, after a brief exchange of electronic mail messages, on February 21 appeared to agree to schedule the call for February 23 after 3:30 p.m. The undersigned called counsel for Wingfield Defendants at 4:00 p.m. on that date but only reached a receptionist who took a message. Since that time, counsel for Wingfield Defendants has not contacted counsel for Capital 7. The Wingfield Defendants have not yet provided written responses or any documents in response to this set of requests.

**II. Argument**

Capital 7 has provided Wingfield Defendants ample time to respond to their discovery requests and has made good-faith efforts to resolve this dispute without court intervention. Given the serious concerns raised by the Court about the progress of discovery in this matter, a court order is necessary to compel Wingfield Defendants to participate in the discovery process.

The discovery requests served by Capital 7 seek material and relevant documents and the information sought is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1); *United States ex rel. Rubar v. Hayner Hoyt Corp.*, 2018 U.S. Dist. LEXIS 158824 (E.D.N.Y. 2018). "Relevance is … to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense*." State Farm Mut. Auto. Ins. Co. v. Fayda*, 2015 U.S. Dist. LEXIS 162164 at *7 (S.D.N.Y. 2015) (quoting *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978)). This Court has also generally favored the disclosure of information that will "assist plaintiffs in identifying more fully the nature and scope of the alleged fraud scheme and in gathering admissible evidence at trial." *State Farm Mutual Auto. Ins. Co. et al. v. Eastern Med., P.C.*, et al., Docket No. CV 05-3804 (ENV)(RML) at March 21, 2007 Minute Entry. Here, Capital 7 requests, among other things, documents and communications regarding Defendants' finances that are critical to identifying the

scope and nature of Defendants' scheme, including bank statements, and documents reflecting financial transaction among the Defendants. *See* Exhibit "A."

Plaintiff thus requests that the Court issue an Order compelling the Wingfield Defendants to provide responses to Capital 7's third set of discovery demands attached hereto as Exhibit A and to produce all responsive documents, waiving all non-privileged objections. We appreciate the Court's consideration of this letter.

          Respectfully,

          ___/s/_____
          Nicholas Bowers, Esq.
          *Counsel for Plaintiff*
          Gary Tsirelman P.C.
          129 Livingston, 2nd Floor
          Brooklyn NY 11201

cc: All counsel via ECF