

**STEVEN A. METCALF II, ESQ.**, Managing Attorney
**NANETTE IDA METCALF, ESQ.**, Managing Attorney**
**MARTIN TANKLEFF, ESQ.**, Associate Counsel
**CHRISTOPHER DARDEN, ESQ.**, *Special Counsel**
**MARC HOWARD, ESQ.**, *Special Counsel*
**JOSEPH D. MCBRIDE, ESQ.**, *of Counsel*

March 7, 2021

<u>**VIA ECF**</u>
Honorable Magistrate Steven L. Tiscione
United States Federal Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: ***Response to Plaintiff's Motion to Compel, Doc. #* 1:17-cv-02374-(RRM) (ST)**

Dear Hon. Tiscione,

  This firm represents "Wingfield Defendants", and respectfully submits this response in light of this Court's March 1, 2022 Order that "Wingfield defendants shall file a response to Plaintiff's motion by March 7th". (ECF Doc. Entry: 3/01/2022).

  Overall, there are various issues regarding this case, which can easily be addressed without judicial intervention. However, Plaintiffs seem more interested in engaging in pattern of motion practice, which at this point should be deemed frivolous; instead of, moving this case forward. (*See* ECF Doc. 84-88, Requests for Certificate of Default; *See also* ECF Doc. 110 Motion to Compel Production of Unredacted Documents).

  Under similar circumstances, such as Plaintiff's default stance, and first compel position, Plaintiff's require Defendant to endure unnecessary legal fees to respond, rather than work issues out like normal attorneys conducting business.

**\*Licensed in California*
**\*\*Licensed in New York and California*
**\*\*\*Licensed in New York, SDNY, EDNY, WDNY, 2nd Circuit and DC Federal Court*
**+Licensed in NY, SDNY, EDNY, DC Federal Court, DC & 2nd Circuit Court of Appeals*

1 | 𝔓 𝔞 𝔤 𝔢

**Metcalf & Metcalf, P.C.**
99 Park Avenue, 25thFlr.
New York, NY 10004
646.253.0514 (*Phone*)
646.219.2012 (*Fax*)

I am respectfully requesting **three more weeks to respond to Plaintiff's "Third Discovery Demands"** because: (1) I did not receive such demands until February 9, 2022; (2) I have been recovering from a L2 fracture since my car accident on January 9, 2022; and (3) such demands are duplicitous and wholly unreasonable without the parities first undergoing depositions.

As will be explained: Christmas of 2021 quickly passed, followed by the New Year. I think it's safe to say, us legal professionals took it easy between December 20th to the 31st, and caught up with family for the holidays. At least my phone tells me as much.

After the New Year, we got back to work, where I was back in the office for the entire week of January 3rd, 2022.

Unfortunately for me, I suffered serious injuries that Sunday, January 9th, as a result of a serious car accident.

This is say that Defendants, especially Wingfield Defendants, have not intentionally stalled anything in this case.[1] I literally broke "my back" on January 9, 2022, where my doctors described my injuries as a "spinal fracture" that immediate emergency surgery had to be considered.

Yet, here I find myself, having to explain myself again, when I literally did not jump on a call with plaintiff's attorneys: one time.

So, I will explain myself again. There is starting to become a pattern here: when Defense counsel is going through a substantial medical situation, Plaintiff's file a ridiculous motion. Last time, co-counsel Bibb was going through a medical situation, and instead of speaking with us defense attorneys about resolution or settlement, Plaintiffs filed a default motion.

In the instant dispute, I did not receive Plaintiff's "Third Discovery Demands" until February 9, 2022. Plaintiff, in this application claim they send out all the Rule 45 material they obtained and the instant "Third Discovery Demands" on or about

---

[1] Plaintiff's claim that they provided "Wingfield defendants ample time to respond", but neither myself nor co-counsel received such requests until February 9, 2022, and that was also expressed to plaintiff's counsel via email by Attorney Bibb. So the demands were sent via email on February 9, 2022.

2 | Page

**Metcalf & Metcalf, P.C.**
99 Park Avenue, 25thFlr.
New York, NY 10004
646.253.0514 (*Phone*)
646.219.2012 (*Fax*)

December 22, 2021, three days before Christmas. But, I never received a hard copy of such December 22, 2021 mailings.

Additionally, I did not receive an email about such either because it went to my spam section of my email. I never responded to such email; and a later threat of such email indicated that co-counsel Bibb also indicated he never received such email from the Plaintiff.

On or about February 9, 2022, Plaintiff "resent" such email enclosing Plaintiff's "Third Discovery Demands". On that same day, I confirmed receipt of such email because that was the first-time I received Plaintiff's "Third Discovery Demands".

After such time, Plaintiff reached out to schedule a phone call, which Plaintiff actually rescheduled.

We re-scheduled, without question; but when Plaintiff called me 30 minutes later, and I missed one phone call from plaintiff's attorney- they deemed it necessary to file the instant application.

Again, to recap, we did not confirm receipt of such demands until February 9, 2022; a phone call was scheduled; Plaintiff's rescheduled; Plaintiff's called one time, and upon Plaintiff's counsel calling me once, and reaching my service, he deemed it immediately filed such motion to compel.

This hardly constitutes exercising due diligence, or an attempt to resolve matters without judicial intervention, which has now become a theme in this case.

If Plaintiffs took another minute, they would have learned my position that since my car accident I was swamped with deadlines. Since February 9, 2022, I had a voluminous Federal appeal[2] I was perfecting; and immediately thereafter, had to perfect another appeal before the Second Judicial Department.

At some point, in this case a Defendant has to say, enough-is-enough. Plaintiffs can pursue this matter in various ways – all different ways that in working with defense counsel can move this case forward. For example, Defense counsel has suggested

---

[2] The Record on Appeal was over 10,000 pages on this one deadline.

3 | Page

**Metcalf & Metcalf, P.C.**
99 Park Avenue, 25thFlr.
New York, NY 10004
646.253.0514 (*Phone*)
646.219.2012 (*Fax*)

engaging in depositions, but Plaintiff wants to keep filing demands, unnecessary default motions, and motions to compel.

The defense stands ready to depose Plaintiffs, including but not limited to, Fadid Peysakhov, Yan Mosche, Radion Aminov, and Lazar Yadgrov.

Defendants can also be deposed, such as Burgis Sethna, Heath Wagenheim; Joseph Rabito; Damian Laljie; all of which will disprove Plaintiff's claims on this matter from the inset.

Yet, Plaintiff's counsel does not want to go this route.

In light of this, I am respectfully requesting **three more weeks to respond to Plaintiff's "Third Discovery Demands"** because: (1) I did not receive such demands until February 9, 2022; (2) I have been recovering from a L2 fracture since my car accident on January 9, 2022; and (3) such demands are duplicitous and wholly unreasonable without the parities first undergoing depositions.

Alternatively, I am requesting a conference with the Court to address various schedules to ensure that unnecessary motion practice does don't continue in this matter.

Respectfully Submitted,

/s/
_____
STEVEN A. METCALF, ESQ.
*Wingfield Defendants*

To: Nicholas Bowers, Esq. (Via ECF)

**Metcalf & Metcalf, P.C.**
99 Park Avenue, 25thFlr.
New York, NY 10004
646.253.0514 (*Phone*)
646.219.2012 (*Fax*)