

129 LIVINGSTON STREET
SECOND & THIRD FLOORS
BROOKLYN, NY 11201
T: (718) 438-1200 • F: (718) 438-8883
nbowers@gtmdjd.com

July 11, 2022

The Honorable Steven Tiscione
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:  Capital 7 Funding v. Wingfield Capital Corp., et al., Case # 1:17-cv-2374-RRM-ST; Motion to extend discovery schedule**

Dear Judge Tiscione:

    We write on behalf of Plaintiff Capital 7 Funding ("Capital 7") and jointly with all Defendants to request an extension of the discovery schedule for completion of fact discovery from July19, 2021, to November 19, 2022.

    The parties request this extension because discovery is not yet complete due to unforeseen delays due to the health of Defendants and their counsel, and the time it has taken for Defendants to respond to Plaintiffs' discovery demands served in December 2021.

    I.    Brief Case Background

    Capital 7 has detailed Defendants' fraudulent scheme at length in the Second Amended Complaint ("Complaint"). In brief, Defendants organized a scheme to defraud Capital 7 through the operation of a joint venture, named 3 Leaf Capital, LLC ("3 Leaf"), between Capital 7 and Defendant Wingfield Capital Corporation ("Wingfield"). Defendants claimed that they would bring operational expertise to 3 Leaf and would oversee day-to-day operations of the joint venture. 3 Leaf purportedly operated under Defendants' direction as a purchaser of future receivables from companies needing to raise money in the short term. 3 Leaf would provide its customer businesses with immediate payments of capital in exchange for a part of the customers' future receivables. In most cases, the customers would purportedly enter into an arrangement with 3 Leaf pursuant to which a portion of their daily credit or debit card receipts would automatically be electronically transferred each day into 3 Leaf's account, over which Defendants had control. In some cases, the amounts were automatically deposited each day into Wingfield's account or a purported lockbox account over which Defendants had control. In all cases, Defendants induced Capital 7 to provide all necessary funds to purchase the receivables from purported customers. Defendants used their domination of the 3

Leaf joint venture to steal money from Capital 7 in four main ways. First, Defendants claimed every agreement with a customer required payment of an independent sales organization ("ISO") fee from Capital 7 when, in fact, Defendants kept the fee for themselves. Second, Defendants redirected payments from legitimate customers into accounts under their own control. Third, Defendants presented sham customers to Capital 7 that either did not exist or, in some cases, entered into verbal agreements with Defendants in which the sham customer and Defendants split any money paid by Capital 7 to purchase receivables. Fourth, Defendants seized control of the bank accounts held by the joint venture and prevented Capital 7 from accessing them.

Defendants concealed their fraud by allowing a portion of many customers' automatic payments to be made into 3 Leaf's account, or by redirecting payments into accounts under Defendants' control without informing Capital 7. In other cases, defendants misrepresented that the customers had ceased payments when, in reality, Defendants merely redirected the automatic payments into their own accounts or received a direct kickback from the purported customer. Based on these and other allegations set forth in the Complaint, Capital 7 has raised civil RICO, common law fraud, breach of contract, and unjust enrichment claims, *inter alia*, against Defendants.

> II. Extension of the Discovery Schedule is Warranted Because of Repeated Discovery Delays on Defendants' Part

The parties are aware of the Court's statement in its Order dated February 4 that the prior extension would be final. Plaintiffs have thus endeavored to complete discovery, including filing motions to compel Defendants to produce responses to demands served in December 2021. *See* ECF Nos. 122 and 128. On April 8, 2022, the Court ordered that the "Parties will confer regarding Defendants' written responses to the discovery requests and attempt to resolve any disputes before coming back to the Court on a further motion to compel." The parties have conferred via phone and email since to resolve any outstanding disputes. Unfortunately, this included further delays on the part of Defendants Wingfield Capital Corporation, Heath Wagenheim, and Burgis Sethna (collectively, the "Wingfield Defendants"), which resulted in their final production of responsive documents and information on June 27. Plaintiff is thus only now able to conduct third-party discovery based on Wingfield Defendants' production. In addition, Defendant Joseph Rabito has suffered a severe injury and for most of this year has been unable to meaningfully participate in discovery. Mr. Rabito believes he should be recovered enough to participate by August.

The documents and information only recently produced by Defendants, which include bank statements, financial records, and contracts between Defendants and third parties are key to conducting meaningful third-party discovery to uncover records of transactions between 3 Leaf, Defendants, and the purported customers of 3 Leaf. Although Capital 7 has pursued third party discovery based on the limited

demands[1] to which Defendants responded in 2019, Plaintiff was not able to pursue this third-party discovery based on the second set of demands issued until the past few weeks because Defendants had not yet produced necessary documents and information. Plaintiff anticipates that the third-party discovery of the purported customers of the Three Leaf joint venture at the heart of this suit will take four additional months. In addition, Defendants require the additional time to issue discovery demands on Capital 7 and all parties require the extension to schedule and conduct party depositions.

The parties have requested an extension three times before, first when the Wingfield Defendants moved to extend the schedule on January 11, 2021 at ECF No. 95. The Court granted the extension on January 21, 2021. The parties then made a subsequent motion to extend time again on July 7, 2021. ECF No. 109. The Court granted the request on July 12, 2021. The parties requested an additional extension on January 18, 2022. ECF No. 118. The Court granted the third request on February 4, 2022. No other currently scheduled deadlines or dates would be affected should the Court grant this request, as the only event scheduled beyond the close of fact discovery currently set for July 19, 2022, is a status conference set for July 25, which the parties do not request be adjourned.

Thank you for your consideration of this letter.

Respectfully,

__/s/_____
Nicholas Bowers, Esq.
*Counsel for Plaintiff*
Gary Tsirelman P.C.
129 Livingston, 2nd Floor
Brooklyn NY 11201

cc: All counsel via ECF

---

[1] The Court ordered that the parties limit discovery while Defendants' motion to dismiss was pending. ECF No. 71. Capital 7 issued further discovery requests in December 2021, Defendants' responses to which were the subject of two motions to compel at ECF Nos. 122 and 128.