# THE LAW OFFICE OF DANIEL L. BIBB, LLC

22 Paris Avenue, Suite 101A, Rockleigh, New Jersey 07647
T. (201) 297-7443  F. (212) 812-3299  C. (201) 390-5278
dan@danielbibblaw.com  www.danielbibblaw.com

June 6, 2023

The Honorable Steven Tiscione
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                         Re:     Capital 7 v. Wingfield, *et al.*
                                    Docket No. 17-CV-2374

Dear Judge Tiscione:

Please accept this letter in lieu of a more formal reply to plaintiff's motion to compel discovery. Plaintiff has moved to compel defendants Joseph Rabito (hereinafter Rabito) and Damian Laljie (hereinafter Laljie) to comply with discovery demand dated December 21, 2021. Plaintiff, at length, complains that nothing has been done to comply with that demand. Such an assertion is patently false. Both Rabito and Laljie complied with the demand to the extent that they provided any of the documents sought that were in their possession, either actual or constructive. Further, in repeated emails and at least one telephone conference with plaintiff's counsel I informed him that neither Rabito nor Laljie had any further documents that were responsive to the December 21, 2021 discovery demand (See, for example, Exhibit 1). Finally, I filed a letter on PACER (Document # 123, Exhibit 2) informing the Court and plaintiff's counsel, in the context of a motion to compel the Wingfield defendants to comply with a discovery demand, that both Rabito and Laljie had provided all of the documents in their possession that were responsive to the December 21, 2021 discovery demand.

After communicating with Plaintiff's counsel about the December 21, 2021 demand made for the production of documents from the dismissed corporate defendants, First Choice Payments Systems, Inc. (hereinafter First Choice) and Prestige Investment Associates, Inc., (hereinafter Prestige), I sent a letter to Plaintiff's counsel objecting to the demand for documents from non-parties. (See Exhibit 3)  After further communication with plaintiff's counsel, a compromise was reached whereby certain documents related to the landlord/tenant relationship between Prestige and Capital 7 and 3 Leaf would be provided. That compromise is set forth in the email from me to Plaintiff's counsel dated April 22, 2022 attached as an exhibit to Plaintiff's motion and an email chain between me and plaintiff's counsel. (See Exhibit 4)  Since both Rabito and Laljie have previously complied with the December 21, 2021 discovery demands and plaintiff's

counsel is well aware of that, the only documents subject to the motion to compel are those that are set forth in April 22, 2022 email.

As for the documents referenced in the April 22, 2022 email from me to plaintiff's counsel, over several months, complicated and delayed by serious knee injuries, surgery to both knees and a lengthy rehabilitation, Rabito has made a diligent search of his records and has been unable to locate any of the records that I agreed to provide in that email, if they existed and were in his possession.  In addition, he inquired of his accountant if he was in possession of any of the documents agreed to be provided and he was informed that his accountant does not possess any of the documents agreed to be provided.  (See Exhibit 5)  The motion to compel is moot, given that Rabito is not in possession of any of the agreed upon documents and cannot produce them.

        Sincerely,

        *s/ Daniel L. Bibb*

        Daniel L. Bibb, Esq.
        Attorney for Joseph Rabito and Damian Laljie