UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

CAPITOL 7 FUNDING,

        Plaintiff,

        v.

WINGFIELD INVESTMENT CORPORATION,

        Corporate Defendant,

BURGIS SETHNA, A/K/A SETH BURGESS,
HEATH WAGENHEIM, JOSEPH RABITO AND
DAMIAN LALJIE AND JOHN DOES 1
THROUGH 15,

        Individual Defendants.
-------------------------------------------------------------------x

AFFIDAVIT

Civil Action Docket No.
17-CV-2374(RRM)(ST)

Joseph Rabito, being duly sworn, deposes and says:

1. I am a defendant in the above entitled action.

2. I am the beneficial owner of two (2) corporations, First Choice Payments Systems, Inc. (hereinafter First Choice) and Prestige Investment Associates, Inc., (hereinafter Prestige) that were also defendants in the above-entitled action. Those two (2) corporations have since been dismissed from the case due to the meritless claims made against them. While these two (2) entities are still in existence, they have done very little in the way of business over the past few years.

3. Prestige was the leaseholder of certain office space located at 1 Penn Plaza, New York, New York. The operations for both First Choice and Prestige were located at that office space at 1 Penn Plaza.

4. As I understand it from discussions with Damian Laljie (hereinafter Laljie), reading documents filed by Plaintiff in this lawsuit and from discussions with my attorney, Plaintiff, Capital 7 Funding, Inc. (hereinafter Capital 7) and Defendant Wingfield Capital Corporation (hereinafter Wingfield) formed an LLC known as 3 Leaf Capital LLC (hereinafter 3 Leaf) for the purpose of buying distressed debt. According to my best recollection, 3 Leaf was formed in late 2015. I was never an investor in 3 Leaf. I was never employed by 3 Leaf. I had absolutely nothing to do with the business of 3 Leaf except that I was 3 Leaf's landlord and collected rent from 3 Leaf.

5. I have known Laljie since we were freshman in college many years ago. Again, according to my best recollection, in late 2015 Laljie became employed by Wingfield as a part time operations and marketing manager and that he was also involved in the operations and marketing end of 3 Leaf.

6. In late 2015 or early 2016, I became aware through Laljie that Wingfield and 3 Leaf were in need of some office space to conduct their operations. Wingfield and 3 Leaf sublet office space at 1 Penn Plaza from me (through Prestige) and began their operations in the space sometime in late 2015 or early 2016.

7. I have read plaintiff's discovery demands attached as Exhibits to PACER document # 137 (motion to compel) and the email from my attorney to plaintiff's attorney attached as exhibits to PACER document # 137. Specifically, with regard to the discovery demand dated December 21, 2021, attached as exhibit # 1 to PACER document # 137, that demand was complied with long ago. I possess no further documents that would be responsive to that demand.

8. With regard to the documents mentioned by my attorney in the email to plaintiff's counsel in exhibit # 3 to Pacer DOCUMENT # 137, I have diligently searched my records and do not currently possess any document that would be responsive to what my attorney informed plaintiff's counsel that I should search for in the email. Further, I did not possess any of those documents at the time the discovery demand was made or at the time I was instructed to search for those documents. I, therefore, cannot produce them. Finally, I inquired of my accountant whether he has any has any documents responsive to the email from my attorney to plaintiff's counsel. He has informed me that he does not.

Subscribed and sworn to
before me this __7__
day of June, 2023.

_____          _____
Notary Public                                                    Joseph Rabito

GUANG H LUO
Notary Public
Connecticut
My Commission Expires Jan 31, 2025