**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
CAPITAL 7 FUNDING,

       *Plaintiff*,

  -against-                                                Case #: 17-cv-02374 (HG) (ST)

WINGFIELD CAPITAL CORPORATION, *et. al.*,

       *Corporate Defendants*,

AND BURGIS SETHNA, a/k/a SETH BURGESS,
HEATH WAGENHEIM, JOSEPH RABITO,
DAMIAN LALJIE a/k/a DAMIAN LALTIE, and
JOHN DOES 1 through 15,

       *Individual Defendants*.
------------------------------------------------------------X


### SETHNA DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISQUALIFY <u>PLAINTIFF'S COUNSEL</u>

                                      STEVEN A. METCALF II, ESQ.
                                      **Metcalf & Metcalf, P.C.**
                                      99 Park Avenue, Suite 810
                                      New York, NY 10016
                                      *Phone* 646.253.0514
                                      *Fax* 646.219.2012
                                      [metcalflawnyc@gmail.com](mailto:metcalflawnyc@gmail.com)

# TABLE OF CONTENTS

**I.   PRELIMINARY STATEMENT** ....................................................................................................1

**II.  THE INSTANT APPLICATION IS NOT TO STALL OR DELAY, AND DOES NOT ALLEGE A PERSONAL ATTACK** ...............................................................................3

**III. DEPOSITIONS ESTABLISH PLAINTIFF'S COUNSEL IS ONE-OF-FIVE INVESTORS IN CAPITAL 7, EQUATING TO A SPECIFIC PERCENTAGE IN CAPITAL 7'S FIFTY PERCENT (50%) INTEREST IN THE JOINT VENTURE AT ISSUE HERE** ……………………………………………………………………  5

  A. *Defendants Have Limited to No Knowledge of Joint Venture –"Throw in Defendants".* ... 6
  B. *How and Who Generated the Company Capital 7 Funding, "the Five"* .............................. 9
  C. *Relationships between the Plaintiffs in Capital 7* ................................................................ 12
  D. *Purpose and Vision of Capital 7 Entering into this Joint Venture* ..................................... 14
  E. *Finances, Investment, and Start-up Money for Capital 7* ................................................... 16

**IV.  STATEMENT OF LAW**   ..……………………………………………………………………  19

**V.   ARGUMENTS IN SUPPORT OF INVOKING RULE 3.7 BECAUSE THE POTENTIAL PREJUDICIAL EFFECT AND THE "NECESSITY" OF SUCH TESTIMONY REQUIRES SUCH FINDING OF DISQUALIFICATION**  ………………………………………………………………………  21

  A. *Personal Interest Conflicts may Lead to Attorney Disqualification* …………  ………. 23
  B. *The Likelihood of Prejudice Occurring Under the Advocate-Witness Rule is Substantial*…………………………………………………………………………….26
  C. *The Necessity of Plaintiff Counsel's Testimony Invokes Rule 3.7 and Renders Disqualification Appropriate*……………………………………………… 33

**VI.  CONCLUSION** ………………………………………………………………...……………… 36

**CERTIFICATE OF SERVICE**……………………………………………………………………….37